UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIJAN MODARESSI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MOLOOK VEDADI; ) | |
| MORTEZA MODARESSI, ) | |
| Also known as MORY MODARESSI; ) | |
| MOJO PROJECTS, LLC, ) | Court No. 05 Civ. 2424 (JDB) |
| Operating as SALON RED; ) | |
| MOJO REALTY, LLC; ) | |
| MOJO PROPERTIES, LLC; ) | |
| YOSEF ASSEFA; ) | |
| JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO THE RICO DEFENDANTS'
MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT**

On January 5, 2006, defendants Molook Vedadi, Morteza Modaressi, Mojo Projects, LLC, Mojo Realty, LLC, and Mojo Properties, LLC (collectively the "RICO defendants") filed a motion for an enlargement of time to respond to plaintiff's complaint. The Court granted the RICO defendants' motion on the same day without giving plaintiff an opportunity to respond. In order to provide the Court with an accurate history of the communications between the parties prior to the filing of this lawsuit and to identify a misrepresentation made by Danielle Espinet, Esq., plaintiff Bijan Modaressi respectfully submits his response to the RICO defendants' motion for an enlargement of time.

This lawsuit was filed as a result of the RICO defendants' deliberate ignorance of plaintiff's numerous demands through letters, emails, and telephone calls for recovery of his

embezzled funds and the repeated delay of the RICO defendants' counsel in responding to the demand letters and emails drafted by plaintiff's attorneys. As discussed below, the RICO defendants completely ignored plaintiffs' demand letters from September 22, 2005 through November 21, 2005, until the undersigned counsel threatened to file this action. Thereafter, the RICO defendants unreasonably delayed their response to plaintiff's final settlement offer and demand letter from November 22, 2005 to the present day. As a result, plaintiff had to incur significant expenses in filing this complaint in this Court, which could have been avoided had the RICO defendants desired in good faith to settle this matter. In light of the above, the RICO defendants' contention that "consent for the instant motion was unreasonably withheld given the history of the parties" is entirely without merit. Defendants' Motion for an Enlargement, at 4.

Plaintiff has attempted in good faith to amicably resolve this matter through numerous telephone calls and letters directed to the RICO defendants since 2003. When plaintiff's communications turned out to be unsuccessful, plaintiff approached the RICO defendants through his Maryland counsel, Koorosh Dehghan, Esq., in an attempt to settle this matter. On September 22, 2005, plaintiff, through Mr. Dehghan, sent a lengthy letter to defendants Vedadi and Modaressi demanding return of his embezzled funds and their investment proceeds and threatening litigation in the event of non-performance. The RICO defendants did not respond to plaintiff's letter. On October 7, 2005, plaintiff, through Mr. Dehghan, sent a second letter to defendants Vedadi and Modaressi demanding immediate return of his embezzled funds and their investment proceeds. The RICO defendants failed to comply with plaintiff's demands.

On October 13, 2005, the RICO defendants' counsel, Danielle Espinet, informed Mr. Dehghan that "I have some very serious concerns about your good faith in making such allegations [in the demand letters dated September 22, 2005 and October 7, 2005]." Ex. A, at 1.

Ms. Espinet further threatened, without basis, to "advise her clients accordingly as to any cause of action they may have against both you and your client for pursuing a frivolous claim in violation of both the local Court rules and the relevant bar rules." *Id.* at 1. On October 18, 2005, plaintiff, through Mr. Dehghan, sent a letter to Ms. Espinet attaching a copy of defendant Vedadi's letter dated May 3, 2005, in which she admitted to embezzling plaintiff's moneys and investing them in real estate in collusion with defendant Modaressi. Mr. Dehghan further informed Ms. Espinet that plaintiff would be compelled to pursue litigation if the RICO defendants fail to provide him with a settlement offer. On October 24, 2005, Ms. Espinet informed Mr. Dehghan that she is in the process of translating Ms. Vedadi's handwritten letter and that "as soon as I am in possession of all relevant documentation I will be in a position to advise my clients." Ex. B. However, the RICO defendants did not provide a settlement offer to plaintiff and failed to comply with his demands. Plaintiff was thus compelled to retain the undersigned counsel to pursue his claims in federal court.

On November 1, 2005, the undersigned counsel sent a letter to Ms. Espinet requesting her to advise him of the RICO defendants' position in this case. Ex. C. Ms. Espinet did not respond to this letter. Counsel subsequently contacted Ms. Espinet several times to discuss the case with her. On November 8, 2005, plaintiff, through the undersigned counsel, sent a settlement offer and demand letter to Ms. Espinet demanding a response by November 17, 2005. Ex. D.[1] On November 16, 2005, Ms. Espinet sent an email to the undersigned counsel indicating that her clients were "in the process of reviewing" plaintiff's demands and would "respond no later than December 1, 2005." Ex. E. Ms. Espinet further indicated that "she would be on vacation starting tomorrow." *Id.* On November 21, 2005, the RICO defendants, through Ms. Espinet,

---

[1] Pursuant to Federal Rule of Evidence 408, plaintiff has only attached the email cover sheet for the settlement offers discussed in this response.

3

made an inadequate settlement counter-offer which was rejected by plaintiff the following day. On November 22, 2005, plaintiff, through the undersigned counsel, sent a letter to Ms. Espinet reiterating his intent to file a federal action in this case if the RICO defendants did not agree to the terms and conditions set forth in his November 8, 2005 settlement offer.  Ex. G.  Ms. Espinet and the RICO defendants did not respond to this letter.  Nor did Ms. Espinet respond to the undersigned counsel's email dated December 6, 2005 requesting a response to plaintiff's letter dated November 22, 2005.  Ex. H.  Indeed, the RICO defendants essentially ignored plaintiff from November 22, 2005 until January 4, 2006, two days before their response to the complaint was due, only to request plaintiff to consent to their motion for an extension of time.  It bears noting that defendants Vedadi and Modaressi were hand-served on December 17, 2005.

In light of the RICO defendants' embezzlement of plaintiff's funds resulting in the dissolution of his business and the tax sale of his house, the RICO defendants' unreasonable delay in responding to plaintiff's numerous demands, the financial difficulty faced by plaintiff at the present time, and the RICO defendants' apparent intent not to settle this case and to instead engage in stalling tactics, plaintiff instructed the undersigned counsel to reject the RICO defendants' motion for an enlargement of time.  The undersigned counsel thus promptly informed Danielle Espinet and Todd Forster on January 4, 2006 that plaintiff did not consent to their motion for an enlargement of time.

The RICO defendants subsequently filed a motion for an enlargement of time on January 5, 2006 and failed to serve the undersigned counsel by mail, fax or otherwise.  Ms. Espinet and Mr. Forster, counsel for the RICO defendants, further failed to include a certificate of service in their motion, did not identify their District Court Bar numbers on their first filing, did not file a notice of appearance, and did not attach a proposed order to their motion in violation of the Local

Rules of this Court. *See* Local Civil Rules 5.1(e)(2) (the District Court Bar); 5.3 (proof of service); 5.4(d)(2) (certificate of service required for electronic filing); 7(c) (proposed order must accompany motion); 83.2; 83.6 (notice of appearance). Indeed, counsel learned of the RICO defendants' motion by reviewing the Court's docket sheet on the afternoon of January 5, 2006.[2] The RICO defendants' motion was granted by the Court on the same day that it was filed before plaintiff had an opportunity to file a response. Plaintiff respectfully submits that the Court's granting of the RICO defendants' motion prior to the filing of plaintiff's response deprived plaintiff of an opportunity to present pertinent facts to the Court. *See* Local Civil Rule 7(b).

  The undersigned counsel further wishes to inform the Court of a misrepresentation made by the RICO defendants' attorney, Ms. Espinet, in her motion for an enlargement of time. Contrary to Ms. Espinet's statement, plaintiff's counsel was not aware that "Vedadi's counsel would be out of the country until December 22, 2005." Defendants' Motion for an Enlargement, at 4. Ms. Espinet never informed counsel that she would be out of the country until December 22, 2005. The last time that the undersigned counsel heard from Ms. Espinet prior to her eleventh hour request for an enlargement of time was on November 16, 2005. At that time, Ms. Espinet indicated that she was going on vacation "starting tomorrow" (November 17, 2005). Ex. E. Ms. Espinet further indicated that a response would be forthcoming by December 1, 2005. At no time did Ms. Espinet inform the undersigned counsel that she would be "out of the country until December 22, 2005." Defendants' Motion for an Enlargement, at 4. Nor was plaintiff aware that Mr. Forster had been retained by the RICO defendants in this case until January 4, 2006. In short, Ms. Espinet and the RICO defendants completely ignored plaintiff and the undersigned counsel from November 21, 2005 to January 4, 2006. Plaintiff was thus compelled

---

[2] Counsel did not receive the Court's electronic notification of this filing through email until January 6, 2005.

5

to file the instant complaint as a last resort to rectify the wrongs inflicted upon him by the RICO defendants.

                                                                Respectfully submitted,

Dated: January 9, 2006                   /s/ Stefan Shaibani
                                                         Stefan Shaibani (Bar No. 490024)
                                                         LITIGATION ASSOCIATE, PLLC
                                                         1150 Connecticut Avenue, N.W.
                                                         Suite 900
                                                         Washington, DC 20036
                                                         Tel:  (202) 862-4335
                                                         Fax: (202) 828-4130

                                                         *Attorney for plaintiff Bijan Modaressi*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 9, 2006, I electronically filed and caused to be served by First Class Mail on the following day copies of "PLAINTIFF'S RESPONSE TO THE RICO DEFENDANTS' MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT" addressed as follows:

>Todd Forster
>Futrovsky, Nitkin & Scherr, Chartered
>77 S. Washington Street
>First Floor
>Rockville, Maryland 20850
>Tel: 301-251-8500
>
>Danielle M. Espinet
>Rolinsky, Ternzio & Saurez LLP
>14915 River Road
>Potomac, Maryland 20854
>Tel: 240-632-0903
>
>Matthew McClain
>Pillsbury Winthrop Shaw Pittman LLP
>2300 N Street, NW
>Washington, DC 20037
>Tel: 202-663-8183
>
>/s/ Stefan Shaibani