UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIJAN MODARESSI, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 1:05CV02424 (JDB) |
| MOLOOK VEDADI, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE

COME NOW Defendants Morteza Modaressi, Mojo Projects, LLC, Mojo Realty, LLC, and Mojo Properties, LLC, by and through counsel, Todd P. Forster, Jason W. Shoemaker and Futrovsky, Nitkin & Scherr, Chartered, and Defendant Molook Vedadi, by and through counsel Danielle M. Espinet and Rolinski & Suarez, LLP, and respectfully submit this Memorandum of Law in Support of Defendants' Motion to Dismiss for Improper Venue:

### RELEVANT FACTS

This litigation arises out of the operation of a restaurant in the Georgetown area of Washington, D.C. named Chelsea's (hereinafter "the Restaurant"). The owner of the Restaurant, Plaintiff Bijan Modaressi (hereinafter "Plaintiff") makes claims against all Defendants based on common law as well as Title IX of the Organized Crime Control Act of 1970, codified at 18 U.S.C. §§ 1961-1968 and short-titled the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"). Despite various

factual inaccuracies contained in Plaintiff's Thirteen-Count Complaint[1], this litigation appears to center around the Defendants operation of the Restaurant during the Plaintiff's absence.

For purposes of this Motion to Dismiss, Plaintiff's Complaint correctly identifies the residences of Defendant Morteza Modaressi (hereinafter "Modaressi"), Defendant Mojo Projects, LLC (hereinafter "Mojo Projects"), Defendant Mojo Realty, LLC (hereinafter "Mojo Realty"), and Mojo Properties, LLC (hereinafter "Mojo Properties") (Modaressi, Mojo Projects, Mojo Realty and Mojo Properties may be collectively referred to as the "Mojo Defendants"). Modaressi is a citizen of the State of Maryland and resides at 109 Upshire Circle, Gaithersburg, Maryland. See ¶ 10 of Plaintiff's Complaint, already a part of the Court's record and incorporated herein by reference. Modaressi's only contact with the District of Columbia arises out of his employment at the Restaurant as a bartender for two (2) years during the 1980s.[2]

Mojo Projects is a Maryland limited liability company (also known as "Salon Red") based and located at 224 Main Street, Gaithersburg, Maryland. See ¶ 11 of Plaintiff's Complaint, already a part of the Court's record and incorporated fully herein. MOJO Projects does not have any additional offices other than said office in Gaithersburg, Maryland. MOJO Projects has no contacts with the District of Columbia and does not transact any business in the District of Columbia.

Mojo Properties is a Maryland limited liability company and is the owner of real property located at 224 Main Street, Gaithersburg, Maryland. Said property is the sole asset of Mojo Properties.

---

[1] Plaintiff's Complaint contains numerous factual errors regarding, *inter alia*, the various individual Defendants positions of employment at the Restaurant as well as various errors regarding the ownership and operation of the business entity Defendants. As this Motion to Dismiss does not necessitate referral to those erroneous allegations, Defendants reserve the right to bring said errors to the Court's attention at a more relevant time.
[2] Although not relevant for purposes of this Motion, Modaressi disputes the allegation contained in ¶ 19 of Plaintiff's Complaint concerning the time frame during which he worked as a bartender at Chelsea's.

2

Mojo Realty is a Maryland limited liability company with its principal office located at 224 Main Street, Gaithersburg, Maryland. Mojo Realty, formed in January 2005, does not own any assets and does not transact any business.

Molook Vedadi is a citzen and domiciliary of the State of Maryland, residing at 10250 West Lake Drive, Unit 610, Bethesda, Maryland. See ¶ 9 of Plaintiff's Complaint, already a part of the Court's record and incorporated fully herein. Vedadi is eighty-four (84) years old and has been a resident of the State of Maryland for fifteen (15) years. At no time has Vedadi ever lived, worked or transacted business in the District of Columbia.

Further, Plaintiff's Complaint identifies one (1) other named Defendant, whom, as indicated in Plaintiff's Complaint, is a resident of the State of Maryland. See ¶ 14 of Plaintiff's Complaint, already a part of the Court's record and incorporated fully herein.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(3), improper venue in the district in which the complaint was filed is a valid reason for dismissal. In general, when federal jurisdiction is premised on a federal question, venue is proper, <u>except as otherwise provided by law</u>, in the following: (a) a judicial district where any defendant resides, if all defendants reside in the same State; (b) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated or; (c) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. 1391(b) (2005)

In addition to section 1391(b), the RICO statute upon which this claim is based sets forth a special two-part venue provision of its own. A civil action proceeding under RICO may be instituted in the district court of the United States for the following districts: (a) a district in which such person

resides, is found, has an agent, or transacts his affairs; or (b) in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court. *See* 18 U.S.C. §§ 1965(a-b) (2005).

In evaluating whether venue is proper under the "ends of justice" analysis, courts consider a variety of factors, including the location of the parties, witnesses, records, and acts and omissions giving rise to the claims. Courts also examine whether judicial economy favors trying the action in one court, whether the chosen venue would promote the orderly and expeditious disposition of the case, as well as if there exists an alternative forum where venue is proper. *Crenshaw v. Antokol*, 287 F.Supp2d 37, 41-42 (D.D.C. 2003)

Pursuant to the venue provisions of the RICO statute, the burden is on the plaintiff to support venue, and if the plaintiff fails to do so, a motion to dismiss the complaint must be granted. *See King v. Vesco*, 342 F. Supp. 120 (N.D. Cal. 1972). For reasons more fully set out below, Plaintiff has failed to satisfy his burden that venue is proper in the District of Columbia and as such his complaint must be dismissed.

**ARGUMENT**

**I.     Venue is Improper Pursuant to 28 U.S.C. 1391(b)**

Where federal court jurisdiction is not founded solely on diversity of citizenship, the action may be brought in the district where all the defendants reside or in which the claim arose. *28 U.S.C. § 1391(b)*. In the case *sub judice*, venue is improper in the United States District Court for the District of Columbia because all six (6) currently identified Defendants reside and/or are licensed only to do business in the State of Maryland and the alleged claims in Plaintiff's Complaint arose primarily in Maryland.

Plaintiff's Complaint contains one articulation that venue is proper in the District of Columbia. In his Complaint Plaintiff asserts that venue is proper under 1391(b) because the alleged embezzlement was from an establishment located in the District of Columbia. See ¶ 7 of Plaintiff's Complaint, already a part of the Court's record and incorporated fully herein. However, upon closer examination of Plaintiff's allegations, they actually belie a finding of venue in the District of Columbia. For example, although Plaintiff claims that funds were embezzled from Chelsea's, a D.C. corporation, *Id.*, he also claims that the situs of the actual conversion of funds was in the State of Maryland and that the allegedly embezzled funds were used to purchase various realty in Maryland. *See e.g., Compl. at ¶25 (alleging that Defendant Vedadi collected monies from Chelsea's at her home in Maryland); id. at ¶ 30 (alleging that Vedadi transferred monies to a bank account in Iran[3]); id. at ¶¶ 35-40 (Defendants invested the allegedly embezzled funds in real estate located in the State of Maryland); id at ¶ 41 (Defendants sold property in Maryland) and re-invested the proceeds in preconstruction Maryland properties); and id. at ¶¶ 43-45 (Defendant Modaressi used allegedly embezzled funds to purchase hair salons in the State of Maryland),* already a part of the Court's record and incorporated fully herein.

Venue is clearly inappropriate in the District of Columbia. In fact, under District of Columbia law, the tort of conversion is completed upon the defendant taking dominion and control over the property of another in denial of his right to such property. *First Amer. Bank v. D.C.*, 583 A.2d 993, 998 (D.C. 1990). *See also, Restatement (2d) Torts, §222A.* Accordingly, the conversion could not have taken place until any Defendant took dominion of the monies and then denied the Plaintiff his right to such property. According to Plaintiff's own assertions, this occurred exclusively within the State of

---

[3] Although Plaintiff's Complaint alleges that on one occasion, Vedadi used a "money carrier in the District of Columbia", it is not alleged that the money was delivered to the money carrier in the District of Columbia or if the money carrier himself resided in the District of Columbia. In any event, one act directed at the forum is not enough to vest this Court with jurisdiction.

5

Maryland; i.e., *inter alia*, money was received by Vedadi in Maryland, money was used to purchase real estate in Maryland. *Accord Woodward v. U.S., 28 App.D.C. 323* (D.C. App. 1912) (holding that in embezzlement the exact time and place of conversion, like intent, must frequently be inferred from the actions of the accused…[and] *must be gleaned from the defendant's exercise of control over the money when he received it, and his failure to return it…*) (emphasis added).

Even if this Court were to determine that Plaintiff's causes of action accrued in the District of Columbia, in a civil suit based on the RICO statute, the place of injury is not determinative of venue. *See First Financial Leasing Corp. v. Harge*, 671 F. Supp. 538 (N.D. Ill. 1987). Rather, the court must consider the convenience of all parties and witnesses involved. *Id.* In the *Harge* case, the United States district court in which the original Complaint was filed ruled that venue was improper in that district despite the fact that all of the alleged injuries occurred there because none of the defendants resided in that district. *Id.* The facts of the case *sub judice* are almost identical to those in the *Harge* decision. As discussed *infra*, all named Defendants in the instant litigation reside or conduct business in the State of Maryland. Like *Harge*, this litigation is more properly adjudicated in the district where the Defendants reside and/or transact business.

Because all the defendants reside in Maryland, the events giving rise to Plaintiff's claims took place almost exclusively in Maryland, and the plaintiff could have brought the action in Maryland, venue in the District of Columbia is improper and Plaintiff's case must be dismissed.

## II.   Venue is Also Improper Under The RICO Statute

Plaintiff's Complaint fares no better under the RICO venue provision. Federal courts in districts throughout the United States have examined and interpreted the venue provisions of the RICO statute.

6

Those opinions create persuasive arguments for how this Honorable Court should interpret the venue provisions of the RICO statute.

For purposes of venue regarding a claim based on the RICO statute, a corporate defendant must be present in the district by officers and/or agents carrying on the business of the corporation[4]. *See Van Schaick v. Church of Scientology, Inc.*, 535 F. Supp. 1125 (D.C. Mass. 1982). Further, a business entity defendant is not "found," as that term is defined by RICO, in a district where it has no officers or employees, does not perform any services and does not pay taxes. *See King v. Vesco*, *supra.* Venue is improper where all defendants either reside elsewhere or conduct business from offices elsewhere. *See Bulk Oil (USA), Inc. v. Sun Oil Trading Co.*, 584 F. Supp. 36 (S.D.N.Y. 1983). A business "transacts its affairs" as defined by the RICO statute where that business has contacts that have been repeated, substantial and continuous over a period of years. *See Abeloff v. Barth*, 199 F.R.D. 315 (D.C. Mass. 1988).

With regard to the Mojo Defendants, none reside in the District of Columbia. In direct parallel to the above-noted decisions, *supra*, Mojo Projects, Mojo Properties and Mojo Realty have no officers or agents carrying on business in the District of Columbia, do not perform any services in the District of Columbia, and do not pay taxes in the District of Columbia. All of the Mojo Defendants either reside or exclusively conduct business in the State of Maryland. Accordingly, none of the Mojo Defendants have contacts which have been repeated, substantial and continuous over a period of years in the District of Columbia.

The named defendants have no ties whatsoever to the District of Columbia and the vast majority of witnesses, records, and alleged acts and omissions took place in Maryland. *Crenshaw v. Antokol*, 287 F.Supp2d 37, 43 (D.D.C. 2003), citing *Lescs v. Martinsburg Police Dep't,* 2002 WL 215511, at *4

---

[4]  It is elementary that the individual defendants are not "found" in the District of Columbia for any purposes

(D.D.C. Jan.28, 2002); *Welch Foods, Inc. v. Packer,* 1994 WL 665399, at *4 (W.D.N.Y. Nov.22, 1994) (concluding that venue was improper based on § 1965(b) where all of the defendants and most of the witnesses were located in another jurisdiction. Moreover, the Plaintiff could have brought his entire action in Maryland, thereby also promoting judicial economy. *Crenshaw at id.,* citing *Sadighi v. Daghighfekr,* 36 F.Supp.2d 267, 277 (D.S.C.1999) (denying section 1965(b) venue in light of Florida's availability as an alternative forum); *Eastman v. Initial Invs., Inc.,* 827 F.Supp. 336, 338-39 (E.D.Pa.1993) (declining to exercise section 1965(b) venue given that venue clearly was proper as to every defendant in Texas).

As a result, Plaintiff's choice of venue in the District of Columbia is not supported by the RICO statute and his claims must be dismissed.

## CONCLUSION

Despite the Plaintiff's allegations that all injuries alleged by the Plaintiff occurred in the District of Columbia, this litigation arises out of claims based on the RICO statutes. As such, the venue provisions set forth in 18 U.S.C. § 1965 apply and the locale of the injuries is not the proper district of venue where all defendants reside in other districts. Consequently, venue in the United States District Court for the District of Columbia is not the proper venue for this litigation. As such, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, this action must be dismissed on the grounds of improper venue.

Respectfully submitted,

FUTROVSKY, NITKIN & SCHERR, CHARTERED

/s/
_____
Todd P. Forster (Bar No. 457146)
Jason W. Shoemaker
77 S. Washington Street, First Floor
Rockville, Maryland  20850
(301) 251-8500
Counsel for Defendants Modaressi, Mojo Realty, LLC, Mojo Properties, LLC and Mojo Projects, LLC

ROLINSKI & SUAREZ, LLC

/s/
_____
Danielle M. Espinet, Esq. (Bar No. 478553)
14915 River Road
Potomac, Maryland  20854
Tel: 240-632-0903
Counsel for Defendant Vedadi

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 17th day of January, 2006, a copy of the foregoing Memorandum of Law in Support of Defendants' Motion to Dismiss for Improper Venue was electronically filed and served to:

Stefan Shaibani, Esquire
LITIGATION ASSOCIATES, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C.  20036
Counsel for Plaintiff Bijan Modaressi

/s/
_____
Todd P. Forster

9