UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIJAN MODARESSI, <br><br> Plaintiff, <br><br> vs. <br><br> MOLOOK VEDADI; <br> MORTEZA MODARESSI, <br> Also known as MORY MODARESSI; <br> MOJO PROJECTS, LLC, <br> Operating as SALON RED; <br> MOJO REALTY, LLC; <br> MOJO PROPERTIES, LLC; <br> YOSEF ASSEFA; <br> JOHN DOES 1-10, <br><br> Defendants. | Court No. 05 Civ. 2424 (JDB) |

### AFFIDAVIT OF MARVIN OSMAN, M.D.

I, Marvin Osman, declare as follows:

1. I am Bijan Modaressi's psychiatrist.

2. My expert qualifications are as follows: I received a medical degree from the University of Minnesota in 1949. Thereafter, I completed a 12-month internship at the Los Angeles County Hospital and a 3-year residency in psychiatry at the Veteran's Administration Hospital in Brentwood, California. I have been engaged in the private practice of psychiatry since 1955. In addition to my medical degree and specialty training in psychiatry, I received psychoanalytic training from 1951 to 1963 and am the Co-Director of the Psychoanalytic Psychotherapy Program at the New Center for Psychoanalysis in Los Angeles.

3. I was requested by plaintiff's counsel, Stefan Shaibani, to submit this affidavit to inform the Court of my personal knowledge of Bijan Modaressi's psychiatric condition and the impact of this lawsuit on his mental health. In addition, I am prepared to render expert testimony on the same.

4. I have been treating Bijan Modaressi ("Bijan") since 2003. Specifically, Bijan has been receiving care at my office once a week for approximately 2.5 years.

5. Bijan suffers from a "Bipolar-I Disorder." This disorder manifests itself in the form of intermittent bursts of depression alternating with hyperactive behavior.

6. Bijan's disorder is severe and, if left untreated, would result in his not being able to function and perform daily life activities nearly as well as he does and could ultimately lead to suicide.

7. Consequently, Bijan is taking psychiatric medicines, an anti-depressant and two mood modulators. These medicines are extremely important in keeping his condition under control. Bijan is also undergoing psychotherapy for his condition. Despite the medication and psychotherapy, Bijan suffers from symptoms of hyperactivity leading to exhaustion and depressive episodes featuring inability to concentrate or properly organize his activities.

8. I have been informed of the events leading to this lawsuit. During numerous psychotherapy sessions, Bijan confided in me the reasons for his despair as being, in large part, due to his conflict with his mother and brother and what they have done to him in connection with moneys generated from Chelsea's.

9. Specifically, Bijan informed me that his mother and brother embezzled substantial amounts of cash generated from Bijan's Georgetown restaurant-nightclub, Chelsea's, invested the funds in real estate, conveyed the properties between each other and to a third party, illegally moved some of the funds to offshore bank accounts in the Islamic Republic of Iran ("Iran"), generated several hundred thousand dollars from their investments of the embezzled funds, deposited embezzled funds and investment proceeds in U.S. and Iranian bank accounts, without informing Bijan or obtaining his consent, and now refuse to return to him the embezzled funds and investment proceeds.

10. Bijan further informed me that the money given to his mother during the operation of Chelsea's was for safe-keeping and to be held in trust for Bijan's benefit, not to be invested in real estate, moved to offshore accounts, or given to his brother, Morteza Modaressi. This money belongs to Bijan.

11. From my observation and treatment of Bijan during numerous psychotherapy sessions, it is clear to me that Bijan is very upset at this lawsuit and at having been reduced to hail his own brother and mother into court in order to vindicate his rights and recover his money. Indeed, it is hard to comprehend how a mother could take sides and cheat her own son, while fully aware that he is emotionally vulnerable, under heavy medication for severe depression, and previously hospitalized for mental illness. In my 50 years of private practice as a psychiatrist, I have never come across a situation like this.

12. Bijan is clearly devastated by the conduct of his brother and mother in embezzling his money, double-crossing him, and refusing to return his funds despite his having supported his mother for decades and acting like a father toward his brother.

13. In my opinion, Molook Vedadi's and Morteza Modaressi's embezzlement of Bijan's money, double-crossing conduct, and refusal to return Bijan's moneys, while fully aware that Bijan is emotionally vulnerable, previously hospitalized at a psychiatric facility, and while taking large amounts of medication for depression, amount to severe and cruel behavior.

14. Bijan's psychiatric illness is intensified and worsened by the aforementioned conduct of his brother and mother. Bijan clearly would not be suffering so much from his psychiatric disorders as he is now had it not been for the aforementioned conduct of his brother and mother.

15. Molook Vedadi's and Morteza Modaressi's conduct in this regard take the form symbolically of thrusting a psychological dagger into Bijan which needs to be withdrawn in order for him to feel better.

16. Bijan's mood disorder will substantially improve if he is vindicated in court and his mother and brother return his moneys.

17. Due to Bijan's severe mood disorder, his taking large amounts of anti-depressants and other medication, the intensity and frequency of his symptoms, and the deteriorating psychological impact of his mental health, I believe that Bijan may not be able to meaningfully participate in this case and be able to testify at trial if this case is not resolved in an expeditious manner. Bijan's condition is likely to deteriorate with every day that passes as long as this case, looming in the background, is unresolved. Further, extended delay in resolution of this case will diminish Bijan's ability to function and perform his day-to-day activities.

18. In fact, in my opinion, it will be difficult for Bijan to endure the psychological impact of this case considering his present condition if this case is not resolved within the next few months.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 26, 2006

Marvin Osman, M.D.
9735 Wilshire Boulevard
Suite 446
Beverly Hills, California 90212