UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIJAN MODARESSI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil A. No. 1:05CV02424 (JDB) |
| ) | |
| MOLOOK VEDADI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT YOSEF ASSEFA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM <u>UPON WHICH RELIEF CAN BE GRANTED</u>**

Defendant Yosef Assefa, by counsel, respectfully moves this Court pursuant to Fed. R. Civ. P. 12(b)(2), to dismiss this case based on lack of personal jurisdiction. Alternatively, he moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In support of this Motion, Mr. Assefa submits the attached Memorandum. ORAL ARGUMENT REQUESTED.

DATED: February 1, 2006

Respectfully submitted,

/s/ Deborah B. Baum
Deborah B. Baum (D.C. Bar No. 393019)
Anne E. Langford (D.C. Bar No. 492271)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
Tel: (202) 663-8000
Fax: (202) 663-8007

Counsel for Defendant Yosef Assefa

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BIJAN MODARESSI, )
)
    Plaintiff, )
)
vs. )
) Civil A. No. 1:05CV02424 (JDB)
MOLOOK VEDADI, *et al.*, )
)
    Defendants. )
)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT YOSEF ASSEFA'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

    Defendant Yosef Assefa ("Mr. Assefa" or "Assefa"), moves this Court to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, or, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(6), based on Plaintiff Bijan Modaressi's failure to state a claim upon which relief can be granted. As described in detail below, this Court lacks personal jurisdiction because, *inter alia*, Mr. Assefa lacks minimum contacts in the District of Columbia and is not a necessary party to this case. Even if this Court had jurisdiction, the Complaint should be dismissed because it does not state a claim for fraudulent conveyance against Mr. Assefa; indeed, it does not allege that he was anything more than a bona fide purchaser for value. Plaintiff seems to overlook the fundamentals of a fraudulent conveyance. He attempts to have this Court set aside the sale of Maryland property to Mr. Assefa solely because, he alleges, the seller had originally purchased the property with ill-gotten funds. While the Complaint is replete with allegations about the seller's various nefarious acts, it does not

allege (nor could it) that Mr. Assefa had anything whatsoever to do with the seller other than having had the misfortune to buy property from her and get sued as a result. His purchase of the property at issue from defendant Molook Vedadi in 2005 as a matter of law cannot be, under the facts alleged, a fraudulent conveyance pursuant to applicable Maryland law, including the Maryland Uniform Fraudulent Conveyance Act.

## PLAINTIFF'S COMPLAINT

Plaintiff Bijan Modaressi ("Plaintiff") styles this case as a civil RICO action, founded on his allegation that defendants Molook Vedadi and Morteza Modaressi (collectively, the "RICO defendants") "engaged in a pattern of racketeering activity by embezzling substantial amounts of cash generated from Plaintiff's Georgetown restaurant-nightclub, Chelsea's." (Complaint at ¶ 1). Plaintiff contends that the RICO defendants then used the allegedly embezzled funds to, among other things, invest in Maryland real estate, fraudulently convey the properties, and move the embezzled monies internationally without complying with related legal obligations. (Complaint at ¶¶ 29-44).

Defendant Yosef Assefa, a Maryland resident, had the bad fortune to have purchased a home from the RICO Defendants. Indeed, his only connection to the events alleged in the Complaint is his purchase of the Maryland property. The Complaint alleges that on or about October 24, 2001, the RICO defendants paid $105,300 for the property, located at 13031 Thyme Court in Germantown, Maryland ("Property"). (Complaint at ¶ 40). Plaintiff states that the RICO defendants paid for the Property with a mortgage and with funds allegedly embezzled by defendant Vedadi from the Plaintiff. (Complaint at ¶ 40). If the RICO Defendants still owned the Property, Plaintiff might have a claim to the Property if he could prove the facts alleged. But, as Plaintiff acknowledges, the Property has since been sold to Mr. Assefa. There is no basis

to attack the title to this Property by reaching back to a previous owner based on that previous owner's misdeeds.

The sole connection alleged between Mr. Assefa and any other parties to this matter is set forth at ¶ 41 of the Complaint, where Plaintiff alleges that on March 11, 2005, defendant Vedadi sold the Property to Mr. Assefa for $245,000. Plaintiff's theory of the case appears to be that, because the Property was originally bought (by the RICO defendants) with funds purportedly embezzled from Plaintiff and Plaintiff's nightclub, defendant Vedadi's sale of the property to Mr. Assefa "amounted to a fraudulent conveyance and/or transfer" and Mr. Assefa thus "does not hold legal title to this property." (Complaint at ¶ 42).

Thus, in Count Nine (Fraudulent Conveyance and/or Transfer of Real Property), Plaintiff alleges that the sale of the property to Mr. Assefa is "null and void." In Count Ten (Constructive Trust), Plaintiff requests that this Court impose a "constructive trust inuring to Plaintiff's benefit on the real properties sold by defendants Vedadi [and] Modaressi . . . to third parties, including [defendant] Assefa . . . ." In Count Thirteen (Declaratory Judgment), Plaintiff seeks a declaratory judgment indicating that defendant Vedadi's sale of the Property was a fraudulent conveyance, that Mr. Assefa does not hold good and legal title to the property, and that the title of the property belongs to Plaintiff. Finally, Plaintiff requests an award of pre-judgment and post-judgment interest, as well as attorney's fees and costs.

As argued more fully below in this Memorandum of Points and Authorities in Support of Defendant's Yosef Assefa's Motion, the overwhelming deficiencies in Plaintiff's Complaint merit its dismissal as to Mr. Assefa based on this Court's lack of personal jurisdiction over him or, alternatively, on Plaintiff's failure to state a claim upon which relief can be granted.

## ARGUMENT

I.   **This Court Lacks Personal Jurisdiction Over Defendant Yosef Assefa.**[1]

As a threshold jurisdictional issue separate from Mr. Assefa's arguments based on Maryland law and addressed below in Section II, this Court lacks personal jurisdiction over defendant Assefa. Once a defendant has challenged the exercise of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of showing that the court has jurisdiction. See, e.g., AGS Int'l Servs. S.A. v. Newmont U.S.A. Ltd., 346 F. Supp. 2d 64, 73 (D.D.C. 2004) (dismissing plaintiffs' claims against all defendants based on lack of personal jurisdiction). Further, when reviewing a challenge pursuant to Rule 12(b)(2), a court may consider documents outside the pleadings to assure itself that it has jurisdiction. Id.

Federal Rule of Civil Procedure 4(k)(1) enumerates instances where service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant. Personal jurisdiction is valid over the person of a defendant:

> (A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or
>
> (B) who is a party joined under Rule 14 or Rule 19 and is served at a place within a judicial district of the United States and not more than 100 miles from the place from which the summons issues, or
>
> (C) who is subject to the federal interpleader jurisdiction under 28 U.S.C. § 1335, or
>
> (D) when authorized by a statute of the United States. Fed. R. Civ. P. 4(k)(1).

Further, Rule 4(k)(2) provides that:

> where the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with

---

[1] Defendant Assefa also hereby asserts that venue is also improper in this case, for the reasons enumerated in the Memorandum of Law in Support of Defendants' Motion to Dismiss for Improper Venue filed by other defendants in this case on January 17, 2006.

respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the court of general jurisdiction of any state. Fed. R. Civ. P. 4(k)(2).

None of the provisions of Rule 4(k), addressed in turn immediately below, has been satisfied in this case. This Court accordingly lacks personal jurisdiction over Mr. Assefa.

### A. Mr. Assefa Can Not Be Subjected to the Jurisdiction of a Court of General Jurisdiction in the District of Columbia.

Federal Rule of Civil Procedure 4(k)(1)(A) allows federal courts to exercise personal jurisdiction over persons who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located. This determination may be made by looking to the jurisdiction's long-arm statute, which enumerates the contacts deemed significant enough to allow for the exercise of jurisdiction over the defendant in a case arising out of those contacts. See, e.g., D.C. Code § 13-423. Personal jurisdiction over a defendant may also be established where an individual defendant has contacts within the jurisdiction that are substantial enough to allow "general jurisdiction" over the person. Helicopteros Internacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984). This means that the defendant may be subject to suit in the jurisdiction for any claim – including those completely unrelated to his or her activities within the jurisdiction. See id. (noting that "continuous and systematic" contacts with the forum may give rise to personal jurisdiction over any matter involving the defendant). Plaintiff Bijan Modaressi has not alleged contacts between Mr. Assefa and the District of Columbia that would give rise to either specific or general personal jurisdiction over him.

The District of Columbia's long-arm statute provides for the exercise of specific personal jurisdiction in seven discrete instances. According to the statute, personal jurisdiction may be exercised in claims for relief arising from a person's transacting of business in the District of Columbia (D.C. Code § 13-423(a)(1)); contracting to supply services in the District of Columbia

6

(D.C. Code § 13-423(a)(2)); causing tortious injury in the District of Columbia by an act or omission in the District of Columbia (or by an act or omission outside the District of Columbia where the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the District) (D.C. Code § 13-423(a)(3)-(4)); having an interest in, using, or possessing real property in the District of Columbia; (D.C. Code § 13-423(a)(5)); contracting to insure or act as surety in certain circumstances (D.C. Code § 13-423(a)(6)); or marital or parent and child relationship in the District of Columbia. (D.C. Code § 13-423(a)(7)).  Again, where personal jurisdiction is based solely upon the D.C. long-arm statute, only a claim for relief arising from acts enumerated in the statute may be enumerated against the defendant.  (D.C. Code § 13-423(a)(7)).

The Complaint in this case is completely silent on the issue of defendant Assefa's contacts with the District of Columbia.  This is with good reason: Mr. Assefa has no contacts with the District that could give rise to either specific or general personal jurisdiction.  As stated by Mr. Assefa in his attached declaration,[2] he is a national of Ethiopia who immigrated to this country in 1986, where he is now a permanent resident.  He lives with his wife and children in Brookeville, Maryland.  Mr. Assefa is a realtor, licensed solely in Maryland.  Per his declaration, he has never transacted or solicited business, owned/used/possessed/had an interest in property, lived, or engaged in any act, omission, or course of conduct in the District of Columbia that could give rise to this Court's exercise of jurisdiction over him.

The sole link asserted between Mr. Assefa and this entire case was his arm's length purchase of a Maryland property from defendant Molook Vedadi in 2005.  The Complaint fails to allege a single contact between Mr. Assefa and the District of Columbia.  While the claims against Mr. Assefa are not legally colorable for independent reasons explained in Section II,

---

[2]  See Declaration of Yosef Assefa Regarding Matters Related to This Court's Exercise of Personal Jurisdiction.

below, this Court should dismiss the claims against this defendant based on their jurisdictional deficiencies alone. The Due Process Clause requires that the exercise of personal jurisdiction be consistent with "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Where, as here, a Plaintiff can provide no justification for the exercise of personal jurisdiction over a defendant, the requirements of Rule 4(k)(1)(A) have not been met, and notions of fair play and substantial justice therefore mandate dismissal of all claims against the defendant.

### B. Mr. Assefa is Not a Party Joined Under Fed R. Civ. P. 14 or 19.

Federal Rule of Civil Procedure 4(k)(1)(B) states that personal jurisdiction is valid over a defendant who is a party joined under Rule 14 or Rule 19 and is served at a place within a judicial district of the United States and not more than 100 miles from the place from which the summons issues. Neither rule applies here. Rule 14 addresses third party practice, the process by which an original defendant (acting as a third-party plaintiff) may cause a summons and complaint to be served upon a person not a party to the action who may be liable to the third-party plaintiff for any portion of the plaintiff's claim against the third-party plaintiff. Rule 14 also allows a plaintiff subject to a counterclaim to cause a third party to be brought in to a case under certain circumstances. Mr. Assefa is an original defendant to this case, and was not joined through third party practice. Rule 14 is, thus, clearly inapplicable.

Rule 19 addresses the joinder of persons needed for just adjudication of an action. It mandates that joinder shall be effected where, in the person's absence, complete relief cannot be accorded among those already parties (Fed. R. Civ. P. 19(a)(1)). It also mandates that joinder shall be effected where the person to be joined claims an interest relating to the subject of the action and where disposition of the action in that person's absence would impede his or her

8

ability to protect that interest or, alternately, would leave the any of persons already parties subject to a substantial risk of incurring multiple or conflicting obligations by reason of the claimed interest (Fed. R. Civ. P. 19(a)(2)). However, in interpreting the reach of Rule 19, the D.C. Circuit has been clear that "while Rule 19 provides for joinder of necessary parties, it does not create a cause of action against them." Davenport v. Int'l Bhd. of Teamsters, 166 F.3d 356, 366 (D.C. Cir. 1999). Hence, before a party will be joined as a defendant, the plaintiff must be able to state a colorable claim as to that party. Id.

Rule 19 is inapplicable here because complete relief, if legally mandated, can be fully accorded among plaintiff and the remaining defendants to this case without Mr. Assefa's involvement. It is further inapplicable here because, as discussed in Section II below, Plaintiff has no cognizable cause of action against Mr. Assefa. As addressed in Mr. Assefa's attached declaration, his sole interaction with any of the other parties to this case was his purchase of a Maryland property from Defendant Molook Vedadi in 2005. Mr. Assefa had no prior or subsequent interactions with Defendant Vedadi, and had never heard of any of the other parties to this case before being served with the Complaint. In a case revolving around allegations that the two "RICO defendants" (defendants Modaressi and Vedadi) "engaged in a pattern of racketeering activity by embezzling substantial amounts of cash generated from Plaintiff's Georgetown restaurant-nightclub, Chelsea's," it is clear that the Plaintiff's concerns with the RICO defendants, if legally colorable, can be resolved without the involvement of an individual who purchased a property in an arm's length transaction from defendant Vedadi. As a result, Federal Rule of Civil Procedure 4(k)(1)(B) does not authorize the exercise of personal jurisdiction over Mr. Assefa.

### C. Mr. Assefa is Not Subject to Federal Interpleader Jurisdiction Under 28 U.S.C. § 1335.

Federal interpleader jurisdiction under 28 U.S.C. § 1335 enables a person holding property or money to compel two or more persons asserting mutually exclusive rights to the fund to join and litigate their respective claims in one action under certain circumstances. No such facts have been alleged here, nor has 28 U.S.C. § 1335 been invoked. Hence, Federal Rule of Civil Procedure 4(k)(1)(C) does not authorize the exercise of personal jurisdiction over Mr. Assefa.

### D. Personal Jurisdiction Over Mr. Assefa Has Not Been Authorized by a Statute of the United States.

Plaintiff alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") against certain defendants in the instant case. RICO, codified at 18 U.S.C. §§ 1961-1968, is a "statute of the United States," and is thus one of the possible sources of a court's exercise of personal jurisdiction through the application of Fed R. Civ. P. 4(k)(1)(D). The RICO statute authorizes nationwide service of process at 18 U.S.C. § 1965 for claims brought under its authority.

However, "merely naming persons in a RICO complaint does not, in itself, make them subject to [RICO's] nationwide service provisions." Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F. 2d 535, 539 (9th Cir. 1986). This is especially so in a case like the instant one, where the plaintiff has asserted *no RICO claim at all against Defendant Assefa*. Where a statute of the United States is not even invoked against a particular defendant, the exercise of personal jurisdiction over that defendant through the application of Rule 4(k)(1) cannot be had.

Even in cases where plaintiffs have brought RICO and state law claims simultaneously against a defendant or group of defendants, numerous courts have declined to exercise personal

10

jurisdiction where the RICO claims (the sole source for the exercise of personal jurisdiction) were found to be inadequate.  In <u>Doe v. State of Israel</u>, No. 02-1431 (JDB), 2005 U.S. Dist. LEXIS 27471, at *79 (D.D.C. Nov. 10, 2005), the plaintiffs brought state tort law claims and RICO claims against a group of defendants (the "Rinat defendants").  Following its finding that the RICO claims were deficient as to the Rinat defendants, the Court noted: "Absent a basis for jurisdiction under RICO . . . plaintiffs must satisfy the traditional personal jurisdiction analysis under the District of Columbia's long-arm statute and due process . . . ."  <u>Id.</u>  It held that the plaintiffs failed to satisfy this traditional analysis.  <u>Id.</u>  Thus, due to the dismissal of the RICO claims against the Rinat defendants, the court refused to exercise "pendent jurisdiction over the state tort law claims standing alone."  <u>Id.</u> at *79 n.13.  <u>See also</u> <u>Skidmore Energy, Inc. v. KPMG</u>, No. 3:03-CV-2138-B, 2004 U.S. Dist. LEXIS 28396, at *33-37 (N.D. Tex. Dec. 28, 2004) (granting Rule 12(b)(2) motion as to state claims where personal jurisdiction based on RICO statute and RICO claims were dismissed); <u>Sullivan v. Rilling</u>, No. 94 C 539, 1996 U.S. Dist. LEXIS 16515, at *9 (N. D. Ill. Nov. 6, 1996) (noting that "if the federal claims are dismissed and the state law claims remain, Plaintiffs must demonstrate that the contacts between [defendant] and the State of Illinois satisfy the requirements of the due process clause of the Fourteenth Amendment."); <u>Berg-Mfg. & Sales Corp. v. Ivy/Mar Co.</u>, No. 96 C 0988, 1996 U.S. Dist. LEXIS 15256, at *4-5, 12-18 (N.D. Ill. Oct. 15, 1996) (dismissing claim based on lack of personal jurisdiction and noting that where personal jurisdiction over a defendant is based on RICO alone, plaintiff must demonstrate that court would have independent basis for personal jurisdiction in order to retain state law claims once RICO claim is dismissed).

Thus, while RICO's nationwide service of process provision may be a basis for exercising personal jurisdiction over a RICO defendant, the absence of this RICO hook forces a traditional personal jurisdiction analysis like the one discussed in Section I(A), above.  While

11

Plaintiff Modaressi alleges RICO violations against certain defendants in this case, Mr. Assefa is not one of them. Rule Fed. R. Civ. P. 4(k)(1)(D)'s allowance for the exercise of personal jurisdiction "when authorized by a statute of the United States" is therefore inapplicable.

E.   **Fed. R. Civ. P. 4(k)(2) is Inapplicable to Mr. Assefa, Since He Is Subject to the Jurisdiction of the Court of General Jurisdiction of His Home State of Maryland.**

Federal Rule of Civil Procedure 4(k)(2) establishes a mechanism by which courts can exercise personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the court of general jurisdiction of any state. However, there is no allegation that Mr. Assefa would not be subject to jurisdiction in the State of Maryland, where he lives, owns property, and transacts business. Hence, Rule 4(k)(2) is an inappropriate basis for the exercise of personal jurisdiction over Mr. Assefa.

II.   **Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted.**

Under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's Complaint fails to state a claim upon which relief can be granted. Dismissal of a claim under this rule is warranted where the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See, e.g., Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). The claims against Mr. Assefa are so deficient that, assuming that all facts alleged in the Complaint are true, and construing them liberally in Plaintiff's favor, Plaintiff's case against Mr. Assefa must still fail.

As described above, the Complaint alleges that Mr. Assefa's purchase of a home located at 13031 Thyme Court in Germantown, Maryland from Defendant Vedadi amounted to a fraudulent conveyance justifying a declaratory judgment to that effect (and, in addition, to the effect that Mr. Assefa does not hold legal title to the property, and that the title of the property belongs to Plaintiff) and meriting the imposition of a constructive trust. (Counts Nine, Ten, and

Thirteen). Plaintiff Bijan Modaressi alleges that in 2001, the RICO defendants (defendants Morteza Modaressi and Molook Vedadi) purchased the Property for $105,300. (Complaint at ¶ 40). The RICO defendants allegedly paid for the Property with a mortgage and with funds embezzled by defendant Vedadi from the Plaintiff. (Complaint at ¶ 40). Plaintiff then alleges that in 2005, defendant Vedadi sold the Property to Mr. Assefa for $245,000. (Complaint at ¶ 41). Based on Mr. Assefa's purchase of the Property from Defendant Vedadi, Plaintiff alleges that the sale "amounted to a fraudulent conveyance and/or transfer" and Mr. Assefa thus "does not hold legal title to this property." (Complaint at ¶ 42).

The validity of conveyances of real property is determined by the law of the situs of the property. See, e.g., In re Parkwood, Inc., 461 F.2d 158, 171 (D.C. Cir. 1971). Given the Brookeville, Maryland location of the property here at issue, Maryland law on fraudulent conveyances applies to the claims against Mr. Assefa. In 1920, the State of Maryland adopted the Maryland Uniform Fraudulent Conveyance Act ("the Act"), MD. CODE ANN., COMMERCIAL LAW §§ 15-201 *et seq.* Fick v. Perpetual Title Co., 115 Md. App. 524, 534 (Md. Ct. Spec. App. 1997).[3] As a threshold matter, to maintain a suit pursuant to the Act, the plaintiff needs to allege that a debtor-creditor relationship exists, and that the debtor has fraudulently transferred assets. See, e.g., Dixon v. Bennett, 531 A.2d 1318, 1320 n.2 (Md. Ct. Spec. App. 1987). The burden of proof in such cases is on the party assailing the transaction. Berger v. Hi-Gear Tire and Auto Supply, 257 Md. 470, 475 (Md. 1970).

The Act does not permit an alleged creditor to set aside a conveyance to "a purchaser for fair consideration without knowledge of the fraud at the time of the purchase . . . ." MD. CODE

---

[3] Plaintiff's complaint is curiously devoid of any identification whatsoever of the statutory or other authority under which he brings his claims against Mr. Assefa. Mr. Assefa assumes that Plaintiff is relying on the authority of the Maryland Uniform Fraudulent Conveyance Act and the body of Maryland case law that interprets it.

13

ANN., COMMERCIAL LAW §§ 15-209. Maryland courts have consistently held that even if a grantor has a fraudulent intent, this will not vitiate or impair a conveyance unless the grantee participates in the fraudulent intent. Holly Hall Pubs., Inc. v. County Banking and Trust Co., 807 A.2d 1201, 1206-07 (Md. Ct. Spec. App. 2005); Berger, 257 Md. at 475. The "primary presumption" regarding knowledge of participation in a fraudulent conveyance "here as elsewhere is in favor of innocence and good faith . . . ." Berger, 257 Md. at 476.

Plaintiff has failed utterly to allege any facts supporting his allegation that Mr. Assefa's purchase of the Property was a fraudulent conveyance. To the contrary, the Complaint states that Mr. Assefa purchased the Property for a sum of $245,000 – well more than double what the RICO defendants allegedly paid for it four years earlier, when they paid $105,300 in 2001. (Complaint at ¶¶ 40-41). There is no allegation that this was not fair consideration for the Property. Further, beyond alleging that Mr. Assefa purchased the Property from Defendant Vedadi, the Complaint alleges no contacts between Mr. Assefa and any of the defendants on any other occasion (no doubt because no such contacts existed). The Complaint further fails to allege that Mr. Assefa had or should have had knowledge of the intent of the grantor of the Property, of the alleged embezzlement of moneys by particular defendants, or of any other wrongdoing asserted in the Complaint.

These fatal lacunae in Plaintiff's case entitle Mr. Assefa to dismissal of all counts against him. For the purpose of a motion to dismiss, facts well pleaded must be taken as true. "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1276. The Complaint fails to allege any fraudulent intent on the part of Mr. Assefa at the time he purchased the property for fair value. Therefore, the

Complaint fails to allege that a fraudulent conveyance occurred.  The allegations in the Complaint do not support any of the relief that Plaintiff requests against Mr. Assefa.  <u>See, e.g.</u>, <u>Fick v. Perpetual Title Co.</u>, 694 A.2d 138 (Md. Ct. Spec. App. 1997) (holding that creditor was not entitled to set aside the conveyance or to levy against the property where it was not proven that purchasers, who paid fair value for the property, had actual or constructive knowledge of conveyor's alleged fraudulent intent or that they participated in such fraud).  Assuming the truth of all allegations against Mr. Assefa and considering them in a light most favorable to Plaintiff, the Complaint supports only the conclusion that Mr. Assefa was a bona fide purchaser for value.  Mr. Assefa is entitled to dismissal of all claims against him.

## CONCLUSION

WHEREFORE, Defendant Yosef Assefa respectfully requests that the Court dismiss this action as against him based on lack of personal jurisdiction or, in the alternative, based on Plaintiff's failure to state a claim on which relief can be granted.

ORAL ARGUMENT REQUESTED.

DATED: February 1, 2006

Respectfully submitted,

/s/ Deborah B. Baum
Deborah B. Baum (D.C. Bar No. 393019)
Anne E. Langford (D.C. Bar No. 492271)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
Tel: (202) 663-8000
Fax: (202) 663-8007

Counsel for Defendant Yosef Assefa

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2006, the foregoing Proposed Order and Defendant Yosef Assefa's Motion to Dismiss for Lack of Personal Jurisdiction Or, in the Alternative, for Failure to State a Claim Upon Which Relief Can Be Granted was filed electronically and served via First Class, postage-prepaid mail on the following counsel of record:

Stephan Shaibani
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, NW
Suite 900
Washington, DC 20036

Todd P. Forster
Jason W. Shoemaker
FUTROVSKI, NITKIN & SCHERR, CHARTERED
77 S. Washington Street, First Floor
Rockville, MD 20850

Danielle M. Espinet
ROLINSKI & SUAREZ, LLC
14915 River Road
Potomac, MD 20854


/s/ Deborah B. Baum
Deborah B. Baum