UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Bijan Modaressi | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:05CV2424 (JDB) |
| Molook Vedadi, *et.al.* | : | |
| Defendants. | : | |

**DEFENDANT MOLOOK VEDADI'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND APPLICATION FOR DEFAULT**

Comes Now Defendant, Molook Vedadi (hereinafter "Vedadi"), by and through undersigned counsel and, pursuant to LCvR 7(b), and hereby opposes the Plaintiff's Motion to Strike and application for Default, and as grounds states the following:

Defendants filed, without consent of the Plaintiff a motion to enlarge time to respond to the Complaint on January 5, 2006, requesting until January 16, 2006 to answer or otherwise respond to the Complaint. That motion was granted by minute order dated January 5, 2006. January 16, 2006, was Martin Luther King, Jr. day and the Court was closed. On January 17, 2006, Defendants timely filed their Motion to Dismiss for Improper Venue.

Pursuant to Fed. R. Civ. P. 6(a), legal holidays are exempt from the computation of time and if the day for filing falls on a legal holiday or a weekend, the time for filing is automatically extended until the end of the next calendar day. Martin Luther King, Jr., day is specifically enumerated as one such holiday where the automatic extension period

is allowed by Rule 6(a). In addition, Rule 6(a) applies not only to time prescribed by the rules or by statute, but also to time prescribed by Order of this Court. Plaintiff, without citation to legal authority, envisions a filing system that requires litigants to file papers with the Court on days when the clerk is not even present to receive the filing. The institution of electronic filing does not alter the landscape within which the Federal Rules of Civil Procedure are applied. In fact, not every District Court in the United States that would apply the Federal Rules accepts filings by electronic means. Tellingly, the Local Rules for this Court do not address this issue, and instead defers to Federal Rule of Civil Procedure 6 in their discussion of motions to enlarge time. Had the District Court in D.C. contemplated a rule such that the Plaintiff seems to be urging, it would have spoken to this new "requirement" in its local rules. Of course the local rules are devoid of such requirement and litigants are left to the only authority on the issue and that is Federal Rule 6, which exempts legal holidays from the deadlines for filing. As Defendants filed their Motion to Dismiss on January 17, 2006, it was timely under both the Federal and local Rules and Plaintiff's motion must be denied.

Because Plaintiff's motion lacks any legal basis and must be denied, so must Plaintiff's application for a default as the application for default is predicated upon the Court granting his motion to strike[1]. Defendants have answered the Complaint in the form of a Rule 12(b)(3) Motion to Dismiss for Improper Venue. Despite Plaintiff's characterization as Defendants motion being "procedural" in nature and therefore implying such a filing as inadequate to defend against a Complaint, undersigned counsel would note that Federal Rule 12(b) specifically characterizes improper venue as a defense

---

[1] Undersigned counsel would note that a motion to strike is not a proper vehicle to present the arguments in this matter as Federal Rule 12(f) pertains to insufficient defenses, redundant, immaterial or scandalous matters and not to objections to late filing.

that MUST be presented in a motion before the filing of an initial pleading, or it is waived.  Therefore, Defendants have not only satisfied their obligations to defend against the Complaint, but have presented a motion required under the Federal Rules of Civil Procedure.  As such, Plaintiff's application for default is completely frivolous and must be denied.

As a result of the baseless and frivolous nature of Plaintiff's Motion to Strike and Application for Default, Defendant Vedadi requests this Court uses it inherent power to sanction the Plaintiff and award reasonable attorney's fees and costs associated with having to oppose such an obviously groundless motion.

WHEREFORE, Defendant Vedadi prays that Plaintiff's Motion to Strike and Application for Default be denied and Defendant be awarded the reasonable costs and attorney's fees associated with opposing the motion.

Dated:  February 13, 2006

> Respectfully Submitted,
>
> _____/s/_____
> Danielle M. Espinet
> *Rolinski &  Suarez, LLC*
> 14915 River Road
> Potomac, Maryland 20854
> *Voice*: (240) 632-0903
> *Fax*: (240) 632-0906
> *Email*: despinet@rolinski.com
> Counsel for Molook Vedadi

3