UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BIJAN MODARESSI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05 Cv 2424 JDB |
| ) | |
| MOLOOK VEDADI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE THE RICO DEFENDANTS'
MOTION TO DISMISS AND APPLICATION FOR ENTRY OF DEFAULT**

COME NOW Defendants, Morteza Modaressi, Mojo Projects, LLC, Mojo Realty, LLC and Mojo Properties, LLC, by and through counsel Mark Edward Futrovsky, Todd P. Forster and Futrovsky, Nitkin & Scherr, Chartered, and submit the herein Memorandum of Points and Authorities in Support of Response in Opposition to Plaintiff's Motion to Strike the RICO Defendants' Motion to Dismiss and Application for Entry of Default, and state:

**ARGUMENT**

Despite Plaintiff's arguments to the contrary, Defendants' underlying Motion to Dismiss for Improper Venue was, in fact, timely filed in accordance with Federal Rule of Civil Procedure 6(a). Federal Rule of Civil Procedure 6(a) is *the* Rule for "computing any period of time prescribed or allowed by [the Federal] rules, by the local rules of any district court, **by order of court**, or by any applicable statute. . . ." Fed. R. Civ. P. 6(a) (emphasis added). In making such computation, Rule 6(a) unequivocally states,

> [t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a **legal holiday**, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, **in which event the period runs until the end of the next day which is not one of the aforementioned days.**

Fed. R. Civ. P. 6(a) (emphasis added).

Although the Defendants requested (and were granted) an extension for the filing of responsive pleadings until January 16, 2006[1], the federal holiday on that date extended the time for filing a responsive pleading to January 17, 2006, the next date on which the federal courts were open.  Accordingly, by any such computation, Defendants' Motion to Dismiss was timely filed pursuant to Rule 6(a),

Significantly, Plaintiff is unable to cite any rule, precedent or law in support of the Motion to Strike at issue.  Simply put, there is no legal underpinning for Plaintiff's contention that Defendants' Motion to Dismiss was untimely.  Moreover, there is no basis for Plaintiff's contention that the electronic filing system now available in federal courts somehow changes the application of Rule 6(a) and the computation of response dates.  In fact, taking Plaintiff's argument regarding electronic filing and its twenty-four hour a day, seven day a week availability to its logical extreme, court filings would not only be due on federal holidays, but also on weekends and days on which a district court is closed due to inclement weather.

As the Defendants' Motion to Dismiss for Improper Venue was filed timely under Rule

---

[1] Fed. R. Civ. P. 6 specifically identifies the "Birthday of Martin Luther King, Jr." as a "legal holiday."

6(a), Plaintiff's Motion to Strike must be denied.[2]  Accordingly, Plaintiff's Application for Entry of Default is moot.

      WHEREFORE, Defendants Morteza Modaressi, Mojo Projects, LLC, Mojo Realty, LLC and Mojo Properties, LLC, respectfully request that Plaintiff's Motion to Strike and Application for Entry of Default be denied.

                                      Respectfully submitted,

                                      FUTROVSKY, NITKIN & SCHERR, CHARTERED

                                      /s/
                                  _____
                                  Todd P. Forster (Bar No. 457146)
                                  Jason W. Shoemaker
                                  77 S. Washington Street, First Floor
                                  Rockville, Maryland  20850
                                  (301) 251-8500
                                  Counsel for Defendants Modaressi, Mojo Realty, LLC,
                                  Mojo Properties, LLC and Mojo Projects, LLC

---

[2] The Mojo Defendants (and counsel) take exception to Plaintiff's characterization of a failure to disclose corporate affiliations as "a callous disregard of the Court's rules" and, specifically, Local Civil Rule 7.1.  Of note, said rule addresses "cases where a **corporation is a party** . . ." LCvR 7.1 (emphasis added).  As all three (3) of the Mojo Defendants are, in fact, limited liability companies rather than corporations, the Mojo Defendants took the position that Local Civil Rule 7.1 did not require a disclosure of its respective "membership interests."  To the extent that the Mojo Defendants have misunderstood Rule 7.1, the Mojo Defendants are prepared to file the requisite disclosures.  Notwithstanding the foregoing, none of the Mojo Defendants have "outstanding securities" (or, in this case, membership interests) in the hands of the public.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of February, 2006, a copy of the foregoing Memorandum of Points and Authorities was electronically filed and served upon:

Stefan Shaibani, Esquire
LITIGATION ASSOCIATES, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036
Counsel for Plaintiff Bijan Modaressi

Danielle M. Espinet, Esquire
ROLINSKI & SUAREZ, LLC
14915 River Road
Potomac, Maryland 20854
Counsel for Defendant Vedadi

Deborah B. Baum, Esquire
PILLSBURY WINTHROP SHAW PITTMAN, LLP
2300 N Street, NW
Washington, D.C. 20037-1128
Counsel for Defendant Assefa

                              /s/
                              Todd P. Forster