**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BIJAN MODARESSI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Court No. 05 Civ. 2424 (JDB) |
| ) | |
| MOLOOK VEDADI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO THE RICO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AND APPLICATION FOR ENTRY OF DEFAULT**

Plaintiff, Bijan Modaressi, respectfully submits his reply to the RICO defendants' responses to plaintiff's motion to strike and application for entry of default. The RICO defendants contend that they timely filed a response to plaintiff's complaint on February 17, 2006, despite the fact that the Court's order granting the RICO defendants' motion for an extension of time specifically provided that "defendants shall answer or otherwise respond to the complaint *by not later than January 16, 2006*." January 5, 2006 Order (emphasis added). The Court's order means what it says, "not later than January 16, 2006." The RICO defendants' attempt to evade the Court's order by relying upon Federal Rule of Civil Procedure 6(a) should be rejected. Rule 6(a) does not apply to firm calendar dates such as that provided by the Court's January 6, 2006 order. Instead, it applies to numeric computations of time in which a firm calendar date for a response is not provided. The RICO defendants have failed to cite to any precedent or rule of court that supports their convoluted interpretation of the Court's order unequivocally directing them to respond the plaintiff's complaint "by not later than January 16, 2006." Nor have the RICO defendants offered an explanation as to why they could not have

filed their motion to dismiss for improper venue on Friday January 13, 2006, which was not a legal holiday.

To this day, the RICO defendants have failed to raise a meritorious defense to plaintiff's complaint and have delayed court proceedings despite their knowledge of plaintiff's deteriorating psychological condition, Dr. Osman's affidavit stating that plaintiff may not be able to meaningfully participate in this case and to testify at trial if this litigation were to continue for several months, and the reasonable likelihood that defendant Vedadi may be unavailable to be deposed and to testify at trial in light of her being 84 years of age. Indeed, the RICO defendants have entirely failed to respond to plaintiff's application for entry of default, contenting that it is "moot." In addition, the RICO defendants' failure to respond to plaintiff's arguments in opposition to the motion to dismiss for improper venue further evinces their apparent concession that venue is proper in this Court.

Plaintiff respectfully requests the Court to deny defendant Vedadi's frivolous invocation of Rule 11 sanctions in her response to plaintiff's motion to strike. Despite the precedent elucidated in plaintiff's brief in support of his motion to strike and application for entry of default,[1] defendant Vedadi contends that plaintiff's motion warrants imposition of Rule 11 sanctions. There is no basis for imposing sanctions against plaintiff, however, as his motion is fully supported by the express language of the Court's January 5, 2006 order, by Rule 6(a) of the Federal Rules of Civil Procedure, and the precedent cited in plaintiff's brief in support of his motion to strike and application for entry of default.

---

[1] *See United States v. Thirty-Five Firearms*, 123 Fed.Appx. 204, 207 (6th Cir. 2005); *In re Lynch*, 430 F.3d 600, 605 (2d Cir. 2005); *accord Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *Hamilton v. J.C. Penney Co., Inc.*, 127 Fed. Appx. 47, at 49 (3d Cir. 2005); *U.S. ex. rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005).

For the above reasons, plaintiff respectfully requests the Court to grant his motion to strike and application for entry of default. Should the Court deny plaintiff's motion to strike, plaintiff respectfully requests the Court to also deny the RICO defendants' motion to dismiss for improper venue, direct the RICO defendants to promptly file an answer to plaintiff's complaint, and hold a Rule 16 scheduling conference at the Court's earliest convenience.

                                              Respectfully submitted,

Dated: February 19, 2006                  /s/ Stefan Shaibani
                                              Stefan Shaibani (Bar No. 490024)
                                              LITIGATION ASSOCIATE, PLLC
                                              1150 Connecticut Avenue, N.W.
                                              Suite 900
                                              Washington, DC 20036
                                              Tel:  (202) 862-4335
                                              Fax: (202) 828-4130

                                              *Attorney for plaintiff Bijan Modaressi*

CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2006, I electronically filed "PLAINTIFF'S REPLY TO THE RICO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE AND APPLICATION FOR ENTRY OF DEFAULT," and that service was thus made upon the following parties:

> Todd Forster
> Futrovsky, Nitkin & Scherr, Chartered
> 77 S. Washington Street
> First Floor
> Rockville, Maryland 20850
> Tel: 301-251-8500
>
> Danielle M. Espinet
> Rolinsky, Ternzio & Saurez LLP
> 14915 River Road
> Potomac, Maryland 20854
> Tel: 240-632-0903
>
> Matthew McClain
> Pillsbury Winthrop Shaw Pittman LLP
> 2300 N Street, NW
> Washington, DC 20037
> Tel: 202-663-8183
>
> /s/ Stefan Shaibani