## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
BIJAN MODARESSI,                          )
                                          )
            Plaintiff,                     )
                                          )
v.                                        )        **Case No. 05-2424 (JDB)**
                                          )
MOLOOK VEDADI, *et al.*,                  )        **Jury Trial Demanded**
                                          )
            Defendants.                    )
_____)

## ANSWER TO COMPLAINT

COME NOW Defendants, Morteza Modaressi, Mojo Projects, LLC, Mojo Realty, LLC and Mojo Properties, LLC, by and through counsel Mark Edward Futrovsky, Todd P. Forster and Futrovsky, Nitkin & Scherr, Chartered, and, in Answer to the Complaint filed herein, respectfully state as follows:

### RESPONSES TO NUMBERED PARAGRAPHS

In response to the separately numbered paragraphs of Plaintiff's Complaint, Defendants state:

1.      Defendants deny the factual allegations contained in Paragraph 1 of Plaintiff's Complaint.  Paragraph 1 also contains legal conclusions to which no response is required.

2.      Defendants admit that the Complaint contains various allegations and causes of action as alleged in paragraph 2 of Plaintiff's Complaint, but deny engaging in any unlawful activity giving rise to the asserted causes of action.

3.      Defendants admit that the Complaint appears to seek various emotional damages

as alleged in paragraph 3 of Plaintiff's Complaint, but deny engaging in any improper activity giving rise to such damages.  Defendants are without information sufficient to form a belief as to the remaining allegations contained in paragraph 3 and, therefore, deny the same.  Further, paragraph 3 appears to contain legal conclusions to which no response is required.

3a.    Defendants are without information sufficient to form a belief as to the allegations contained in paragraph 3a of Plaintiff's Complaint and, therefore, deny the same.

4.    Paragraph 4 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

5.    Paragraph 5 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

6.    Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.    Paragraph 7 of Plaintiff's Complaint contains legal conclusions to which no response is required.  With respect to the factual allegations contained in paragraph 7, Defendants deny the same.

8.    Upon information and belief, Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.    Defendants admit the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.    Defendants admit the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.    Defendants admit the allegation contained in paragraph 11 of Plaintiff's

Complaint concerning Defendant Mojo Projects, LLC's location and state of organization. Further, Defendants admit that, at all times relevant hereto, Defendant Modaressi was a part-owner of Defendant Mojo Projects, LLC but, deny that he "controlled" said entity.

12.    Defendants admit the allegation contained in paragraph 12 of Plaintiff's Complaint concerning Defendant Mojo Realty, LLC's location and state of organization. Further, Defendants admit that, at all times relevant hereto, Defendant Modaressi was a part-owner of Defendant Mojo Realty, LLC but, deny that he "controlled" said entity.

13.    Defendants admit the allegation contained in paragraph 12 of Plaintiff's Complaint concerning Defendant Mojo Properties, LLC's location and state of organization. Further, Defendants admit that, at all times relevant hereto, Defendant Modaressi was a part-owner of Defendant Mojo Properties, LLC but, deny that he "controlled" said entity.

14.    Defendants are without information sufficient to form a belief as to the allegations contained in paragraph 14 of Plaintiff's Complaint and, therefore, deny the same.

15.    Defendants deny engaging in any unlawful activity as alleged in paragraph 15 of Plaintiff's Complaint and deny all other allegations contained therein.

16.    Defendants deny engaging in any unlawful activity as alleged in paragraph 16 of Plaintiff's Complaint and deny all other allegations contained therein.

17.    Upon information and belief, Defendants admit that "Chelsea's" was in the restaurant and nightclub business as alleged in paragraph 17 of Plaintiff's Complaint. Defendants are without information sufficient to form a belief as to the remaining allegations contained in paragraph 17 and, therefore, deny the same.

18.    Upon information and belief, Defendants admit the allegations contained in

paragraph 18 of Plaintiff's Complaint.

19.     With respect to the allegations contained in paragraph 19 of Plaintiff's Complaint, Defendants admit that Defendant Modaressi was a bartender at Chelsea's but, deny that he was the "head bartender" and deny the alleged time frame during which he worked at Chelsea's. Defendants deny all allegations of unlawful activity and improper conduct contained in paragraph 19.

20.     With respect to the allegations contained in paragraph 20 of Plaintiff's Complaint, Defendants admit that Julie Modaressi was a hostess at Chelsea's but, deny the alleged time frame during which she worked at Chelsea's.  Defendants deny the remaining allegations contained in paragraph 20.

21.     Defendants are without information sufficient to form a belief as to the allegations contained in paragraph 21 of Plaintiff's Complaint and, therefore, deny the same.

22.     Upon information and belief, Defendants admit that Ms. Vedadi lived in Plaintiff's house as alleged in paragraph 22 of Plaintiff's Complaint but, are without information sufficient to form a belief as to the relevant time frames and, therefore, deny the same.

23.     Defendants are without information sufficient to form a belief as to the allegations contained in paragraph 23 of Plaintiff's Complaint and, therefore, deny the same.

24.     Defendants are without information sufficient to form a belief as to the allegations contained in paragraph 24 of Plaintiff's Complaint and, therefore, deny the same.

25.     Defendants are without information sufficient to form a belief as to the allegations contained in paragraph 25 of Plaintiff's Complaint and, therefore, deny the same.

26.     Defendants are without information sufficient to form a belief as to the allegations

contained in paragraph 26 of Plaintiff's Complaint and, therefore, deny the same.

27.    Defendants admit that Defendant Modaressi had a telephone conversation with Plaintiff in or about January 2003 wherein he advised Plaintiff that certain funds had been invested in real estate in Maryland as alleged in paragraph 27 of Plaintiff's Complaint. Defendants deny that Defendant Modaressi informed Plaintiff of an "embezzlement scheme" and deny that Defendant Modaressi embezzled funds from Plaintiff.  Defendants deny the remaining allegations contained in paragraph 27.

28.    Defendants deny any unauthorized or unlawful activity on the part of Defendant Modaressi or Julie Modaressi as alleged in paragraph 28 of Plaintiff's Complaint.  Defendants are without information sufficient to form a belief as to the remaining allegations contained in paragraph 28 and, therefore, deny the same.  By way of further answer, Defendants submit that any such correspondence dated May 3, 2005, speaks for itself.

29.    Defendants are without information sufficient to form a belief as to the allegations contained in paragraph 29 of Plaintiff's Complaint and, therefore, deny the same.

30.    Defendants are without information sufficient to form a belief as to the allegations contained in paragraph 30 of Plaintiff's Complaint and, therefore, deny the same.

31.    Defendants are without information sufficient to form a belief as to the allegations contained in paragraph 31 of Plaintiff's Complaint and, therefore, deny the same.

32.    Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.    Defendants are without information sufficient to form a belief as to the allegations contained in paragraph 33 of Plaintiff's Complaint and, therefore, deny the same.

34.    Defendants deny the factual allegations contained in paragraph 34 of Plaintiff's Complaint.  Paragraph 34 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

35.    Defendants deny the factual allegations contained in paragraph 35 of Plaintiff's Complaint.  Paragraph 35 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

36.    Defendants deny the factual allegations contained in paragraph 36 of Plaintiff's Complaint.  Paragraph 36 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

37.    Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.    Defendants admit that Defendant Modaressi was identified on title as an owner of the property located at 18732 Winding Creek Place in Germantown, Maryland, as alleged in paragraph 38 of Plaintiff's Complaint.  Upon information and belief, Defendants admit that the property was leased to a tenant.  Defendants admit that the subject property was later transferred into Defendant Modaressi's name individually.  Defendants deny the remaining allegations contained in paragraph 38.

39.    Defendants admit that title to the referenced property located at 3752 Bel Pre Road in Silver Spring, Maryland was transferred to Defendant Modaressi in or about 2005, as alleged in paragraph 39 of Plaintiff's Complaint.  Defendants deny the remaining allegations contained in paragraph 39.

40.    Defendants deny the allegations contained in paragraph 40 of Plaintiff's

Complaint concerning Defendant Modaressi.  Defendants are without information sufficient to form a belief as to the remaining allegations contained in paragraph 40 and, therefore, deny the same.

41.    Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint concerning Defendant Modaressi.  Defendants are without information sufficient to form a belief as to the remaining allegations contained in paragraph 41 and, therefore, deny the same.

42.    Defendants deny the factual allegations contained in paragraph 42 of Plaintiff's Complaint.  Paragraph 42 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

43.    Defendants admit that Defendant Modaressi purchased an ownership interest in New Wave using proceeds derived from the sale of a condominium as alleged in paragraph 43 of Plaintiff's Complaint.  Defendants further admit that Defendant Modaressi later sold his interest in New Wave.  Defendants deny the remaining allegations contained in paragraph 43.

44.    Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.    Defendants admit that Salon Red is located at 224 Main Street, Gaithersburg, Maryland  20878, and admit that the value of the real estate upon which Salon Red is located has appreciated since its purchase as alleged in paragraph 45 of Plaintiff's Complaint.  Defendants deny the remaining allegations contained in paragraph 45.

46.    Defendants deny the factual allegations contained in paragraph 46 of Plaintiff's Complaint.  Paragraph 46 also contains legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny the same.

47.     Defendants deny the factual allegations contained in paragraph 47 of Plaintiff's Complaint.  Paragraph 47 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

48.     Defendants deny the factual allegations contained in paragraph 48 of Plaintiff's Complaint.  Paragraph 48 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

49.     Defendants deny that Defendant Modaressi purchased Salon Red with embezzled funds as alleged in paragraph 49 of Plaintiff's Complaint.  Defendants are without information sufficient to form a belief as to the remaining allegations contained in paragraph 49 and, therefore, deny the same.

50.     Defendants deny that Plaintiff has made "numerous demands" to Defendant Modaressi and deny that Defendant Modaressi engaged in unlawful activity as alleged in paragraph 50 of Plaintiff's Complaint.  Defendants are without information sufficient to form a belief as to the remaining allegations contained in paragraph 50 and, therefore, deny the same.

51.     Defendants are without information sufficient to form a belief as to the allegations contained in paragraph 51 of Plaintiff's Complaint and, therefore, deny the same.

52.     Defendants deny that Defendants Modaressi engaged in unlawful activity as alleged in paragraph 52 of Plaintiff's Complaint.  Defendants are without information sufficient to form a belief as to the remaining allegations contained in paragraph 52 and, therefore, deny the same.

53.     Defendants are without information sufficient to form a belief as to the allegations

contained in paragraph 53 of Plaintiff's Complaint and, therefore, deny the same.

54.     Defendants deny the factual allegations contained in paragraph 54 of Plaintiff's Complaint and deny that Defendant Modaressi engaged in unlawful activity.  Paragraph 54 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

55.     Defendants incorporate herein by reference the responses set forth in paragraphs 1-54, *supra*.

56.     Paragraph 56 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

57.     Paragraph 57 of Plaintiff's Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

58.     Defendants deny the factual allegations contained in paragraph 58 of Plaintiff's Complaint.  Paragraph 58 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

59.     Defendants deny the factual allegations contained in paragraph 59 of Plaintiff's Complaint.  Paragraph 59 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

60.     Defendants deny the factual allegations contained in paragraph 60 of Plaintiff's Complaint.  Paragraph 60 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

61.     Defendants deny the factual allegations contained in paragraph 61 of Plaintiff's Complaint.  Paragraph 61 also contains legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny the same.

62.     Defendants deny the factual allegations contained in paragraph 62 of Plaintiff's Complaint.  Paragraph 62 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

63.     Defendants deny the factual allegations contained in paragraph 63 of Plaintiff's Complaint.  Paragraph 63 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

64.     Defendants deny the factual allegations contained in paragraph 64 of Plaintiff's Complaint.  Paragraph 64 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

65.     Defendants deny the factual allegations contained in paragraph 65 of Plaintiff's Complaint.  Paragraph 65 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

66.     Defendants deny the factual allegations contained in paragraph 66 of Plaintiff's Complaint.  Paragraph 66 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

67.     Defendants deny the factual allegations contained in paragraph 67 of Plaintiff's Complaint.  Paragraph 67 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

68.     Defendants deny the factual allegations contained in paragraph 68 of Plaintiff's Complaint.  Paragraph 68 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

69. Defendants deny the factual allegations contained in paragraph 69 of Plaintiff's Complaint. Paragraph 69 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

70. Defendants incorporate herein by reference the responses set forth in paragraphs 1-69, *supra*.

71. Defendants deny the factual allegations contained in paragraph 71 of Plaintiff's Complaint. Paragraph 71 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

72. Defendants deny the factual allegations contained in paragraph 72 of Plaintiff's Complaint. Paragraph 72 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

73. Defendants deny the factual allegations contained in paragraph 73 of Plaintiff's Complaint. Paragraph 73 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

74. Defendants deny the factual allegations contained in paragraph 74 of Plaintiff's Complaint. Paragraph 74 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

75. Defendants incorporate herein by reference the responses set forth in paragraphs 1-74, *supra*.

76. Defendants deny the factual allegations contained in paragraph 76 of Plaintiff's Complaint. Paragraph 76 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

77.     Defendants deny the factual allegations contained in paragraph 77 of Plaintiff's Complaint.  Paragraph 77 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

78.     Defendants deny the factual allegations contained in paragraph 78 of Plaintiff's Complaint.  Paragraph 78 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

79.     Defendants deny the factual allegations contained in paragraph 79 of Plaintiff's Complaint.  Paragraph 79 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

80.     Defendants incorporate herein by reference the responses set forth in paragraphs 1-79, *supra*.

81.     Defendants deny the factual allegations contained in paragraph 81 of Plaintiff's Complaint.  Paragraph 81 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

82.     Defendants deny the factual allegations contained in paragraph 82 of Plaintiff's Complaint.  Paragraph 82 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

83.     Defendants deny the factual allegations contained in paragraph 83 of Plaintiff's Complaint.  Paragraph 83 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

84.     Defendants deny the factual allegations contained in paragraph 84 of Plaintiff's Complaint.  Paragraph 84 also contains legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny the same.

85.     Defendants incorporate herein by reference the responses set forth in paragraphs 1-84, *supra*.

86.     Defendants deny the factual allegations contained in paragraph 86 of Plaintiff's Complaint.  Paragraph 86 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

87.     Defendants deny the factual allegations contained in paragraph 87 of Plaintiff's Complaint.  Paragraph 87 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

88.     Defendants deny the factual allegations contained in paragraph 88 of Plaintiff's Complaint.  Paragraph 88 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

89.     Defendants incorporate herein by reference the responses set forth in paragraphs 1-88, *supra*.

90.     Defendants deny the factual allegations contained in paragraph 90 of Plaintiff's Complaint.  Paragraph 90 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

91.     Defendants deny the factual allegations contained in paragraph 91 of Plaintiff's Complaint.  Paragraph 91 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

92.     Defendants deny the factual allegations contained in paragraph 92 of Plaintiff's Complaint.  Paragraph 92 also contains legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny the same.

93.     Defendants are without information sufficient to form a belief as to the allegations concerning Defendant Vedadi contained in paragraph 93 of Plaintiff's Complaint and, therefore, deny the same.  Paragraph 93 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

94.     Defendants deny the factual allegations contained in paragraph 94 of Plaintiff's Complaint.  Paragraph 94 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

95.     Defendants deny the factual allegations contained in paragraph 95 of Plaintiff's Complaint.  Paragraph 95 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

96.     Defendants incorporate herein by reference the responses set forth in paragraphs 1-95, *supra*.

97.     Defendants are without information sufficient to form a belief as to the factual allegations contained in paragraph 97 of Plaintiff's Complaint and, therefore, deny the same. Paragraph 97 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

98.     Defendants deny the factual allegations contained in paragraph 98 of Plaintiff's Complaint.  Paragraph 98 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

99.     Defendants are without information sufficient to form a belief as to the factual allegations contained in paragraph 99 of Plaintiff's Complaint and, therefore, deny the same.

Paragraph 99 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

100.    Defendants incorporate herein by reference the responses set forth in paragraphs 1-99, *supra*.

101.    Defendants deny the factual allegations contained in paragraph 101 of Plaintiff's Complaint. Paragraph 101 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

102.    Defendants deny the factual allegations contained in paragraph 102 of Plaintiff's Complaint. Paragraph 102 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

103.    Defendants deny the factual allegations contained in paragraph 103 of Plaintiff's Complaint. Paragraph 103 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

104.    Defendants incorporate herein by reference the responses set forth in paragraphs 1-103, *supra*.

105.    Defendants are without information sufficient to form a belief as to the factual allegations contained in paragraph 105 of Plaintiff's Complaint and, therefore, deny the same. Paragraph 105 also contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

106.    Defendants are without information sufficient to form a belief as to the factual allegations contained in paragraph 106 of Plaintiff's Complaint and, therefore, deny the same. Paragraph 106 also contains legal conclusions to which no response is required. To the extent a

response is required, Defendants deny the same.

107.    Defendants deny the factual allegations contained in paragraph 107 of Plaintiff's Complaint.  Paragraph 107 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

108.    Defendants incorporate herein by reference the responses set forth in paragraphs 1-107, *supra*.

109.    Defendants deny the factual allegations contained in paragraph 109 of Plaintiff's Complaint.  Paragraph 109 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

110.    Defendants deny the factual allegations contained in paragraph 110 of Plaintiff's Complaint.  Paragraph 110 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

111.    Defendants deny the factual allegations contained in paragraph 111 of Plaintiff's Complaint.  Paragraph 111 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

112.    Defendants deny the factual allegations contained in paragraph 112 of Plaintiff's Complaint.  Paragraph 112 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

113.    Defendants incorporate herein by reference the responses set forth in paragraphs 1-112, *supra*.

114.    Defendants are without information sufficient to form a belief as to the factual allegations contained in paragraph 114 of Plaintiff's Complaint and, therefore, deny the same.

Paragraph 114 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

115.    Defendants deny the factual allegations contained in paragraph 115 of Plaintiff's Complaint.  Paragraph 115 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

116.    Defendants deny that Defendant Modaressi engaged in unlawful activity as alleged in paragraph 116 of Plaintiff's Complaint.  Defendants are without information sufficient to form a belief as to the remaining allegations contained in paragraph 116 of Plaintiff's Complaint and, therefore, deny the same.

117.    Defendants deny the factual allegations contained in paragraph 117 of Plaintiff's Complaint.  Paragraph 117 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

118.    Defendants deny the factual allegations contained in paragraph 118 of Plaintiff's Complaint.  Paragraph 118 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

119.    Defendants deny that Defendant Modaressi engaged in unlawful activity as alleged in paragraph 119 of Plaintiff's Complaint.  Defendants are without information sufficient to form a belief as to the remaining factual allegations contained in paragraph 119 of Plaintiff's Complaint and, therefore, deny the same.  Paragraph 119 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

120.    Defendants deny the factual allegations contained in paragraph 120 of Plaintiff's Complaint.  Paragraph 120 also contains legal conclusions to which no response is required.  To

the extent a response is required, Defendants deny the same.

121.    Defendants incorporate herein by reference the responses set forth in paragraphs 1-120, *supra*.

122.    Defendants deny the factual allegations contained in paragraph 122 of Plaintiff's Complaint.  Paragraph 122 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

123.    Defendants deny that Defendant Modaressi refused to contribute to his father's funeral expenses as alleged in paragraph 123 of Plaintiff's Complaint.  Defendants further state that Defendant Modaressi was never asked to contribute to the same.  Defendants are without information sufficient to form a belief as to the remaining allegations contained in paragraph 123 and, therefore, deny the same.

124.    Defendants admit that Defendant Vedadi did not attend her grandson's funeral as alleged in paragraph 124 of Plaintiff's Complaint.  Defendants are without information sufficient to form a belief as to the remaining allegations contained in paragraph 124 and, therefore, deny the same.

125.    Defendants admit that Defendant Modaressi was aware of Plaintiff's emotional, psychiatric and related difficulties as alleged in paragraph 125 of Plaintiff's Complaint. Defendants are without information sufficient to form a belief as to the remaining allegations contained in paragraph 125 and, therefore, deny the same.

126.    Defendants deny the factual allegations contained in paragraph 126 of Plaintiff's Complaint.  Paragraph 126 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

127.     Defendants deny the factual allegations contained in paragraph 127 of Plaintiff's Complaint.  Paragraph 127 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

128.     Defendants deny the factual allegations contained in paragraph 128 of Plaintiff's Complaint.  Paragraph 128 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

129.     Defendants deny the factual allegations contained in paragraph 129 of Plaintiff's Complaint.  Paragraph 129 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

130.     Defendants incorporate herein by reference the responses set forth in paragraphs 1-129, *supra*.

131.     Defendants are without information sufficient to form a belief as to the factual allegations contained in paragraph 131 of Plaintiff's Complaint and, therefore, deny the same. Paragraph 131 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

132.     Defendants are without information sufficient to form a belief as to the factual allegations contained in paragraph 132 of Plaintiff's Complaint and, therefore, deny the same. Paragraph 132 also contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the same.

133.     Defendants are without information sufficient to form a belief as to the factual allegations contained in paragraph 133 of Plaintiff's Complaint and, therefore, deny the same. Paragraph 133 also contains legal conclusions to which no response is required.  To the extent a

response is required, Defendants deny the same.

134.     Defendants hereby demand a trial by jury on all claims so triable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

The Court lacks jurisdiction over the subject matter of the action.

### THIRD DEFENSE

The Complaint fails to plead fraud and misrepresentation with the required degree of particularity.

### FOURTH DEFENSE

Plaintiff has waived his right to obtain the requested relief as a result of his own acts, conduct and omissions.

### FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### SEVENTH DEFENSE

Plaintiff comes into this Court with unclean hands and is, therefore, barred and estopped from obtaining the requested relief.

### EIGHTH DEFENSE

Plaintiff is barred from recovery because he failed to mitigate his damages.

## NINTH DEFENSE

Defendants did not make any misrepresentations to Plaintiff.

## TENTH DEFENSE

Plaintiff did not rely upon any misrepresentations allegedly made by Defendants.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

## TWELFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of frauds.

## THIRTEENTH DEFENSE

Plaintiff's claims, or some of them, may not be asserted as individual claims because they may be raised, if at all, solely as derivative claims.

## FOURTEENTH DEFENSE

Plaintiff's RICO claim is frivolous and abusive; it should be dismissed with prejudice and this Court should award sanctions, including attorney's fees, in order to deter such frivolous claims.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by fraud and illegality.

## SEVENTEENTH DEFENSE

Defendants reserve the right to assert each and every additional defense, including

affirmative defenses, which may become available during the course of discovery.

WHEREFORE, Defendants Morteza Modaressi, Mojo Projects, LLC, Mojo Realty, LLC and Mojo Properties, LLC, having fully answered, respectfully request that this Honorable Court dismiss Plaintiff's Complaint, with costs assessed to the Plaintiff.

Respectfully submitted,

FUTROVSKY, NITKIN & SCHERR, CHARTERED


/s/
_____
Todd P. Forster (Bar No. 457146)
77 S. Washington Street, First Floor
Rockville, Maryland  20850
(301) 251-8500
Counsel for Defendants Modaressi, Mojo Realty, LLC,
Mojo Properties, LLC and Mojo Projects, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August, 2006, a copy of the foregoing Answer to Complaint was electronically filed and served upon:

Stefan Shaibani, Esquire
LITIGATION ASSOCIATES, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C.  20036
Counsel for Plaintiff Bijan Modaressi

Danielle M. Espinet, Esquire
ROLINSKI & SUAREZ, LLC
14915 River Road
Potomac, Maryland  20854
Counsel for Defendant Vedadi


/s/
_____
Todd P. Forster