**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BIJAN MODARESSI, | ) |
|     Plaintiff, | ) |
|     vs. | ) Civil Action No. 05-2424 (JDB) |
| MOLOOK VEDADI, *et al.*, | ) |
|     Defendants. | ) |

**JOINT REPORT PURSUANT TO LOCAL CIVIL RULE 16.3(d)**

Pursuant to Local Civil Rule 16.3(d), the parties hereby submit the following joint report in the above-captioned matter:

(1) The Case Tracking Category in Which the Case Should Be Placed; Whether the Case is Likely to Be Disposed of By Dispositive Motion; and Whether, If a Dispositive Motion Has Already Been Filed, the Parties Should Recommend to the Court that Discovery or Other Matters Should Await a Decision On the Motion.

Defendants believe that the case is likely to be disposed of by dispositive motion. Plaintiff intends to file a summary judgment motion at the close of discovery.

(2) The Date by Which Any Other Parties Shall Be Joined or the Pleadings Amended, and Whether Some or All of the Factual Issues Can Be Agreed Upon or Narrowed.

The parties agree that the date by which any other parties be joined or the pleadings amended shall be the date for the close of discovery. The parties are unable to agree upon or narrow the factual issues at this time.

(3) Whether The Case Should Be Assigned to a Magistrate Judge for All Purposes, Including Trial.

The parties request that all matters be assigned to a district judge.

(4)     <u>Whether There Is a Realistic Possibility of Settling the Case</u>

The parties have conferred concerning settlement of this case, but are unable to reach an agreement at this time.

(5)     <u>Whether The Case Could Benefit from the Court's Alternative Dispute Resolution (ADR) Procedures (or Some Other Form of ADR); What Related Steps Should Be Taken to Facilitate Such ADR; and Whether Counsel Have Discussed ADR and Their Response to This Provision with Their Clients</u>.

Defendants believe that this case would benefit from mediation, but not arbitration, and would be amenable to such ADR. Plaintiff opposes mediation and other forms of ADR in this case.

(6)     <u>Whether the Case Can Be Resolved by Summary Judgment or Motions to Dismiss, Dates for Filing Dispositive Motions and/or Cross Motions, Oppositions and Replies; and Proposed Dates for Decisions on Motions</u>

The parties anticipate that summary judgment motions will be filed in this case. Summary judgment motions shall be filed no later than 45 days after the close of discovery, responses to summary judgment motions shall be filed within 45 days thereafter, and replies may be filed within 21 days thereafter.

(7)     <u>Whether the Parties Should Stipulate to Dispense with the Mutual Disclosure Required by Rule 26(a)(1), F.R.Civ.P., and If Not, What Changes Should Be Made in the Scope, Form or Timing of Those Disclosures</u>.

The parties agree that Federal Rule of Civil Procedure 26(a)(1) initial disclosures shall be served no later than 30 days after the date of the Court's Scheduling Order. The parties shall produce (rather than merely identify) documents in connection with their initial disclosures.

(8) <u>The Anticipated Extent of Discovery, How Long Discovery Should Take, What Limits should Be Placed on Discovery, (e.g., Number of Interrogatories, Number of Depositions, Duration of Depositions); Whether a Protective Order is Appropriate; and a Date for Completion of All Discovery, Including Answers to Interrogatories, Document Production, Requests for Admissions, and Depositions</u>.

The parties agree that all discovery shall be completed by no later than 180 days after the date of the Court's Scheduling Order. The parties shall serve all written discovery requests no later than 90 days after the date of the Court's Scheduling Order. All depositions and all discovery shall be completed no later than 180 days after the date of the Court's Scheduling Order, unless there are pending discovery motions, in which case the discovery deadline shall be tolled pending disposition of said motions.

Plaintiff requests that each party be permitted to conduct 15 depositions pursuant to Local Civil Rule 26.2(b) which provides: "Whether and to what extent limitations shall be placed on the permitted number of interrogatories and depositions will be determined by the Court in the scheduling order." Plaintiff requires to conduct 15 depositions in light of the number of individual and corporate defendants and numerous third-party witnesses in this case who were involved, directly or indirectly, in various financial and property transactions using money generated from a restaurant night-club over a two-decade period. Plaintiff would be prejudiced if he could not depose the numerous third-party witnesses whose testimony will be highly relevant in this case. There are five defendants in this case, and it is simply not possible for plaintiff to adequately conduct discovery by limiting the number of depositions to 8 as defendants insist.

Plaintiff further requests that he be permitted to conduct two-day depositions of defendants Molook Vedadi and Morteza Modaressi. Defendant Vedadi is 84 years old and requires an interpreter at her deposition because she is not fluent in English. This will no doubt

3

increase the time required to conduct her deposition.  There are also many handwritten documents drafted in Persian by Ms. Vedadi and other witnesses relevant in this case, about which plaintiff seeks to question Ms. Vedadi at her deposition.  Plaintiff therefore requires two days to conduct the deposition of Molook Vedadi.  Because Ms. Vedadi is 84 years old, plaintiff intends to take a videotaped deposition of Ms. Vedadi and seeks the Court's permission to conduct the same.

With respect to defendant Morteza Modaressi, plaintiff requires two days to conduct his deposition because an interpreter will be required to translate various handwritten documents drafted in Persian concerning which plaintiff intends to question defendant Modaressi at his deposition.  Further, defendant Modaressi is the owner of the Mojo defendant corporations (and potentially a 30(b)(6) witness for the same), requiring extensive questioning on his part.  Indeed, this is a civil RICO case involving allegations of misconduct spanning over two decades, numerous financial transactions and property transfers between defendants and others, and various third-party witnesses.  Further, the monetary value at stake in this case exceeds $2 million of compensatory damages.  For these reasons, plaintiff respectfully requests the Court to conduct 15 depositions and to depose defendants Molook Vedadi and Morteza Modaressi over two days each pursuant to Local Civil Rule 26.2(b) and (c).

In accordance with the Federal Rules, Defendants request that there be a total of 10 depositions of 7 hours each.

Each party shall be permitted to propound 30 interrogatories, 30 requests for production of documents, and 30 requests for admission on each opposing party, with the understanding that plaintiff will propound separate discovery requests on each defendant.  The parties shall further be permitted to serve subpoenas on third-parties for production of documents and depositions.

(9) <u>Whether the Requirement of Exchange of Expert Witness Reports and Information Pursuant to Rule 26(a)(2), F.R.Civ.P. Should Be Modified, and Whether and When Depositions of Experts Should Occur</u>.

The parties agree that the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should not be modified, that Plaintiff's experts should be identified within 3 months of the commencement of discovery, that any written expert report should be provided at that time, and that Defendants' counter-experts be identified and their reports provided within 30 days after plaintiff's expert designations. Plaintiff shall be permitted to designate rebuttal expert witnesses and expert reports within 30 days thereafter.

(10) <u>In Class Actions, Appropriate Procedures for Dealing with Rule 13 Proceedings, Including the Need for Discovery and the Timing Thereof, Dates for Filing a Rule 23 Motion, and Opposition and Reply, and for Oral Argument and/or an Evidentiary Hearing on the Motion and a Proposed Date for Decision</u>.

Not Applicable.

(11) <u>Whether the Trial and/or Discovery Should Be Bifurcated or Managed in Phases, and a Specific Proposal for Such Bifurcation</u>.

The parties agree that neither the trial nor discovery should be bifurcated.

(12) <u>The Date for the Pretrial Conference (Understanding That a Trial Will Take Place 30 to 60 days Thereafter)</u>.

If no dispositive motions are pending, the parties request that a pretrial conference be scheduled at a time convenient to the Court during the weeks of May 14 and May 21, 2007.

(13) <u>Whether the Court Should Set a Firm Trial Date at the First Scheduling Conference or Should Provide That a Trial Date Will Be Set at the Pretrial Conference from 30 to 60 Days after the Conference</u>.

The parties request that trial be scheduled within 30 to 60 days from the date of the pretrial conference. The parties anticipate that trial will last approximately 5 days.

(14)    <u>Such Other Matters that the parties believe may be appropriate for inclusion in a scheduling order</u>

    A proposed Scheduling Order from each side is attached hereto.

                                                                                               Respectfully submitted,

| | |
|---|---|
| <u>/s/ Stefan Shaibani</u> | <u>/s/ Danielle M. Espinet</u> |
| Stefan Shaibani (DC Bar # 490024) | Danielle M. Espinet |
| Litigation Associate, PLLC | Rolinski & Suarez, LLC |
| 1150 Connecticut Avenue, N.W. | 14915 River Road |
| Ninth Floor | Potomac, MD 20854 |
| Washington, DC 20036 | Tel: (240) 632-0903 |
| Tel: (202) 862-4335 | Fax: (240) 632-0906 |
| Fax: (202) 828-4130 | *Counsel for Defendant Molook Vedadi* |
| *Counsel for Plaintiff* | |
| | <u>/s/ Todd Perry Forster</u> |
| | Todd Perry Forster |
| | Futrovsky, Nitkin & Scherr, Chartered |
| | 77 S. Washington Street |
| | First Floor |
| | Rockville, MD 20850 |
| | Tel: (301) 251-8500 |
| | Fax: (301) 251-8860 |
| | *Counsel for Defendants Morteza Modaressi, Mojo Projects, LLC, Mojo Realty, LLC, and Mojo Properties, LLC* |