**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BIJAN MODARESSI,              )<br>                                              )<br>     Plaintiff,                          )<br>                                              )<br>     vs.                                   )   Civil Action No. 05-2424 (JDB)<br>                                              )<br>MOLOOK VEDADI, *et al.*,    )<br>                                              )<br>     Defendants.                     )<br>_____) | |

## **PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiff Bijan Modaressi, through his counsel, makes his initial disclosures as follows:

**A. Witnesses**

1. Bijan Modaressi is likely to have discoverable information concerning the misconduct committed by defendants as set forth in the complaint, the nature and extent of damages suffered, and other related matters.
   Address: 8670 Burton Way, Apt. 225, Los Angeles, CA 90048
   Tel: (310) 247-9977

2. Mehri Modaressi is likely to have discoverable information concerning the misconduct committed by defendants as set forth in the complaint, the nature and extent of damages suffered, and other related matters.
   Address: 362 Quail Ridge; Irvine, CA 92603
   Tel: (301) 775-1848

3. Roberta Mahinpour is likely to have discoverable information concerning the organization and operation of Chelsea's, the cash deliveries to Molook Vedadi of

Chelsea's profits, the misconduct committed by defendants as set forth in the complaint, and other related matters.

Address:  9030 Timberwolf Court, Vienna, VA 22182

Tel:  (703) 883-9030

4. Yosef Assefa is likely to have discoverable information concerning his purchase from Molook Vedadi of the property located at 13031 Thyme Court, Germantown, MD 20874, and other related matters.

Address:  13031 Thyme Court, Germantown, MD 20874

Tel:  Unknown.

5. Molook Vedadi, a hostile witness, is likely to have discoverable information concerning the misconduct committed by defendants as set forth in the complaint, the nature and extent of damages suffered, and other related matters.

Address:  10250 West Lake Drive, #610, Bethesda, MD 20817

Tel:  (301) 365-9112

6. Morteza Modaressi, a hostile witness, is likely to have discoverable information concerning the misconduct committed by defendants as set forth in the complaint, the nature and extent of damages suffered, and other related matters.

Address:  109 Upshire Circle, Gaithersburg, MD 20878

Tel:  (301) 379-3200

7. Julie Ann Modaressi, a hostile witness, is likely to have discoverable information concerning the misconduct committed by defendants as set forth in the complaint, defendants' purchase of real estate in Maryland and Florida using plaintiff's moneys, and other related matters.

   Address:  109 Upshire Circle, Gaithersburg, MD 20878

   Tel:  (301) 379-3200

8. Alexander Modaressi, a hostile witness, is likely to have discoverable information concerning the misconduct committed by defendants as set forth in the complaint, the purchase of the condominium located at 604 NW 13th St #33, Boca Raton, FL 33486 with plaintiff's moneys, and other related matters.

   Address:  109 Upshire Circle, Gaithersburg, MD 20878

   Tel:  (301) 379-3200

9. Martha Munjo is likely to have discoverable information concerning the organization and operation of Chelsea's, the misconduct committed by defendants as set forth in the complaint, and other related matters.

   Address:  Unknown.

   Tel:  (803) 996-0253

10. Marvin Osman, MD, is likely to have discoverable information concerning the misconduct committed by defendants as set forth in the complaint, plaintiff's emotional distress damages, and other related matters.

    Address:  9735 Wilshire Boulevard, Suite 446, Beverly Hills, CA 90212

    Tel:  (310) 275-3951

11. George [last name unknown], Morteza Modaressi's co-owner of New Wave and Salon Red, is likely to have discoverable information concerning the misconduct committed by defendants as set forth in the complaint, the nature and extent of the damages suffered, the organization of New Wave and Salon Red, and other related matters.

Address:  Unknown.

Tel:  Unknown.

12. Nicholas Modaressi, a hostile witness, is likely to have discoverable information concerning the misconduct committed by defendants as set forth in the complaint, the purchase of the condominium located at 634 NW 13th St #23, Boca Raton, FL 33486 with plaintiff's moneys, and other related matters.

    Address:  634 NW 13th St #23, Boca Raton, FL 33486

    Tel:  Unknown.

13. Lou (also known as Shahryar) is likely to have discoverable information concerning the organization and operation of Chelsea's, the cash deliveries to Molook Vedadi of Chelsea's profits, the misconduct committed by defendants as set forth in the complaint, and other related matters.

    Address:  5225 Wisconsin Ave NW, Washington, DC, 20015

    Tel:  (202) 966-0300

14. Harry Pike is likely to have discoverable information concerning the organization and operation of Chelsea's, the cash deliveries to Molook Vedadi of Chelsea's profits, the misconduct committed by defendants as set forth in the complaint, and other related matters.

    Address:  Unknown.

    Tel:  Unknown.

15. Ali Riahi, a hostile witness, is likely to have discoverable information concerning the misconduct committed by defendants as set forth in the complaint, the

    transfers of money and assets by Molook Vedadi to the Islamic Republic of Iran, and other related matters.

    Address:  Unknown.

    Tel:  Unknown.

16. Farhad Shirazi, a hostile witness, is likely to have discoverable information concerning the misconduct committed by defendants as set forth in the complaint, the transfers of money and assets by Molook Vedadi to the Islamic Republic of Iran, and other related matters.

    Address:  Unknown.

    Tel:  Unknown.

17. Rigat Masso is likely to have discoverable information concerning the organization and operation of Chelsea's, the misconduct committed by defendants as set forth in the complaint, and other related matters.

    Address:  Unknown.

    Tel:  Unknown.

18. Kay Mousavi Javid is likely to have discoverable information concerning the organization and operation of Chelsea's, the misconduct committed by defendants as set forth in the complaint, and other related matters..

    Address:  Unknown.

    Tel:  Unknown.

19. Shams Javid is likely to have discoverable information concerning the character of plaintiff and defendants, the misconduct committed by defendants as set forth

in the complaint, the nature and extent of damages suffered, and other related matters.

Address:  Unknown.

Tel:  (310) 278-9188

20. Vera Alasti is likely to have discoverable information concerning the character of plaintiff and defendants, the misconduct committed by defendants as set forth in the complaint, the nature and extent of damages suffered, and other related matters.

Address:  Unknown.

Tel:  (949) 830-7747

21. Ahmad Alasti is likely to have discoverable information concerning the character of plaintiff and defendants, the misconduct committed by defendants as set forth in the complaint, the nature and extent of damages suffered, and other related matters.

Address:  Unknown.

Tel:  (714) 731-2711

22. Laura Coranno is likely to have discoverable information concerning the organization and operation of Chelsea's, the misconduct committed by defendants as set forth in the complaint, and other related matters.

Address:  Unknown.

Tel:  (703) 281-3497

23. Abdolhamid Tajpour, a hostile witness, is likely to have discoverable information concerning the misconduct committed by defendants as set forth in the complaint,

   the transfers of money and assets by Molook Vedadi to the Islamic Republic of
   Iran, and other related matters.

   Address: The Islamic Republic of Iran.

   Tel: Unknown.

24. Forough Azam Riahi, a hostile witness, is likely to have discoverable information
    concerning the misconduct committed by defendants as set forth in the complaint,
    the transfers of money and assets by Molook Vedadi to the Islamic Republic of
    Iran, and other related matters.

    Address: The Islamic Republic of Iran.

    Tel: Unknown.

25. Soraya Riahi, a hostile witness, is likely to have discoverable information
    concerning the misconduct committed by defendants as set forth in the complaint,
    the transfers of money and assets by Molook Vedadi to the Islamic Republic of
    Iran, and other related matters.

    Address: The Islamic Republic of Iran.

    Tel: Unknown.

26. Reza Gazamfari, a hostile witness, is likely to have discoverable information
    concerning the organization and operation of Chelsea's, the misconduct
    committed by defendants as set forth in the complaint, and other related matters.

    Address: Unknown.

    Tel: Unknown.

27. The Bank Manager of Bank Melli Iran, Bagh-e-saba Branch, a hostile witness, is
    likely to have discoverable information concerning the misconduct committed by

defendants as set forth in the complaint, the transfers of money and assets by Molook Vedadi to the Islamic Republic of Iran, and other related matters.

Address:  The Islamic Republic of Iran.

Tel:  Unknown.

28. Plaintiff reserves the right to call upon other witnesses, the relevance of whose testimony may become apparent during the course of discovery.  Such witnesses include, among others, the officers, owners, employees, and affiliated agents of Chelsea's, Salon Red, New Wave, Mojo Projects, LLC, Mojo Properties, LLC, and Mojo Realty, LLC, as well as third parties possessing knowledge of relevant matters.

29. Plaintiff reserves the right to call upon other witnesses whose testimony may be relevant for impeachment purposes.

30. Plaintiff intends to designate his expert witnesses at an appropriate time in the future based on the Court's scheduling order.

**B.  Documents**

The documents currently in the possession, custody, and control of plaintiff which he may use to support his claims and defenses have been designated with Bates numbers MOD 00001 to MOD 01289 and mailed to counsel for all defendants, the index to which is attached hereto as Exhibit A.  Plaintiff reserves the right to introduce other documents, the relevance of which may become apparent during the course of discovery, including documents received from third parties.  In addition, plaintiff reserves the right to introduce other documents for impeachment purposes.

C. **Computation of Damages**

Plaintiff will submit the precise computation of his damages with his expert reports pursuant to the Court's scheduling order. Below is a preliminary estimate of some of plaintiff's damages. Plaintiff reserves the right to amend and supplement his computation of damages, and intends to do so upon submission of expert reports.

1. Compensatory Damages

Plaintiff's total compensatory damages include, but are not limited to, the following: loss of funds embezzled by defendants from plaintiff and Chelsea's as well as investment proceeds of the embezzled funds, the dissolution of Chelsea's and the lost profits generated therefrom, losses arising from the tax sale of plaintiff's Bethesda house, and plaintiff's severe emotional distress resulting in lost wages, psychiatric treatment, and increased medication.

    a. Loss of Embezzled Funds and Investment Proceeds: Real Estate Purchases

As discussed in plaintiff's complaint, defendants embezzled plaintiff's moneys and invested it in real estate in the United States. Plaintiff seeks recovery of his embezzled funds and their investment proceeds based upon the current equity remaining in all real estate purchased by defendants with plaintiff's moneys and investment proceeds of the same.

With respect to defendants' purchase of real estate in Maryland and Florida using plaintiff's moneys, plaintiff's damages exceed $1,615,000 as set forth below. The current equity for the property located at 18732 Winding Creek Place, Germantown, MD 20874 exceeds $192,000. The proceeds of the sale for the property located at 13031 Thyme Court, Germantown, MD 20874 received by defendants exceeded $157,000. The current

9

equity for the property located at 3752 Bel Pre Road # 9, Silver Spring, MD 20906 exceeds $122,000. The current equity for the townhouse located at 224 Main Street, Gaithersburg, MD 20878 exceeds $1,144,000. The current equity for the condominium located at 604 NW 13th Street, # 33, Boca Raton, FL 33486 is unknown to plaintiff and will be calculated based on documents received in discovery. The current equity for the condominium located at 634 NW 13th Street, #23, Boca Raton, FL 33486 is unknown to plaintiff and will be calculated based on documents received in discovery.

    b. <u>Transfer of Embezzled Funds to Iranian Bank Accounts</u>

As discussed in plaintiff's complaint, defendants embezzled plaintiff's moneys and transferred them to bank accounts in the Islamic Republic of Iran where they purchased certificates of deposit yielding a substantial rate of return. Plaintiff seeks recovery of the entirety of the value of these certificates of deposit and their investment proceeds. These damages <u>exceed</u> $355,000 based on the estimated current market value of the certificates of deposit. These damages will increase as this case proceeds to trial. The documents upon which plaintiff's computation of these damages are based include the documents attached hereto and designated with Bates numbers MOD 00049-00118.

    c. <u>Rent Proceeds Generated From Properties Purchased By Defendants</u>

Plaintiff demands recovery of the rent proceeds generated from the properties which were purchased by defendants with plaintiff's moneys. The amount of these damages will be determined during the course of discovery.

    d. <u>Chelsea's Lost Profits</u>

As discussed in plaintiff's complaint, defendants' embezzlement of Chelsea's profits led to its dissolution because plaintiff would have otherwise been able to pay

Chelsea's back taxes. Plaintiff demands recovery of the lost profits that would have been generated by Chelsea's from the date of its dissolution until the date of trial. These damages <u>exceed</u> $3,120,000 for the past six years as Chelsea's would have generated $10,000 per week, and $520,000 annually. These damages will increase as this case proceeds to trial.

    e.  <u>The Tax Sale of Plaintiff's House</u>

As a result of defendants' embezzlement of plaintiff's moneys, plaintiff was unable to pay Chelsea's taxes and the District of Columbia government foreclosed on plaintiff's Bethesda house to recover Chelsea's unpaid taxes. Plaintiff demands damages for the equity remaining in his Bethesda house had it not been foreclosed in 2000 as a result of defendants' embezzlement of Chelsea's profits. The precise amount of these damages will be determined and submitted with plaintiff's expert reports.

    f.  <u>Emotional Damages</u>

Plaintiff demands recovery of severe emotional distress damages and for his psychiatric and medical expenses proximately caused by defendants' extreme and outrageous conduct and commission of a fraud knowing full well that plaintiff was emotionally vulnerable. The precise amount of plaintiff's emotional distress damages will be determined and submitted with plaintiff's expert reports.

    g.  <u>Treble Damages For CIVIL RICO Counts</u>

Plaintiff demands treble damages pursuant to 18 U.S.C. § 1961(1) *et seq*. and 18 U.S.C. § 1964(c). As set forth above, plaintiff's compensatory damages (prior to trebling of same) are <u>at a minimum</u> $5,090,000 and likely much greater. Therefore, plaintiff's

11

compensatory damages after trebling of same pursuant to the Civil RICO statute are <u>at a minimum</u> $15,270,000 and likely much greater.

    h. <u>All Other Damages Asserted in the Complaint</u>

Plaintiff further seeks recovery of all other damages not specifically enumerated above as prayed for in his complaint.

  2. <u>Punitive Damages</u>

Plaintiff seeks punitive damages for defendants' willful and malicious violation of 18 U.S.C. § 1964(c), 18 U.S.C. § 1962(a), 18 U.S.C. § 1962(b), 18 U.S.C. § 1962(c), and for their intentional and malicious commission of conversion, fraudulent misrepresentation and/or omission, breach of fiduciary duty, and infliction of emotional distress. Plaintiff's punitive damages amount to $50,000,000.

  3. <u>Attorney Fees and Costs</u>

Plaintiff demands reasonable attorney's fees and costs incurred in prosecuting this action. Plaintiff has thus far incurred in excess of $65,000 in attorney's fees and costs. Plaintiff's attorney fees and costs will significantly increase as this case proceeds to discovery, summary judgment motions, and trial.

  4. <u>Prejudgment and Post-Judgment Interest</u>

Plaintiff seeks prejudgment and post-judgment interest on all the counts enumerated in his complaint.

  5. <u>Documents Upon Which Computation of Damages is Based</u>

The documents upon which plaintiff's computation of damages is based include the documents attached hereto and designated with Bates numbers MOD 00001 to MOD 01289, the index to which is attached hereto as Exhibit A. Plaintiff reserves the right to

introduce other documents pertinent to his computation of damages the relevance of which may become apparent during the course of discovery, including documents received from expert witnesses and third parties.

### D.  Insurance Agreements

    Not Applicable.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIJAN MODARESSI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | )   Civil Action No. 05-2424 (JDB) |
| | ) |
| MOLOOK VEDADI, *et al.*, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**PLAINTIFF'S NOTICE OF SERVICE**
**OF RULE 26(a)(1) INITIAL DISCLOSURES**

    Notice is hereby given that on October 13, 2006, plaintiff Bijan Modaressi, through his counsel, sent by First Class Mail the information and documents required by Federal Rule of Civil Procedure 26(a)(1) to counsel for the defendants listed below:

Danielle M. Espinet, Esq.
Rolinski, Terenzio & Suarez, LLP
14915 River Road
Potomac, MD 20854
*Counsel for Molook Vedadi*

Todd Perry Forster
Futrovsky, Nitkin & Scherr, Chartered
77 S. Washington Street
First Floor
Rockville, MD 20850
*Counsel for Morteza Modaressi; Mojo Projects, LLC; Mojo Properties, LLC; and Mojo Realty, LLC*


Dated: October 13, 2006                  /s/ Stefan Shaibani
                                                Stefan Shaibani (Bar No. 490024)
                                                LITIGATION ASSOCIATE, PLLC
                                                1150 Connecticut Avenue, N.W.
                                                Suite 900
                                                Washington, DC 20036
                                                Tel: (202) 862-4335

                                                *Attorney for Plaintiff*