UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIJAN MODARESSI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 05 Civ. 2424 (JDB) |
| | ) |
| MOLOOK VEDADI, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES**

Pursuant to Rules 26(b)(1), 33, 34, and 37(a)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 7 and 26.2, plaintiff, Bijan Modaressi, through undersigned counsel, respectfully requests the Court to issue an order compelling defendants Mojo Properties, Mojo Projects, and Mojo Realty ("Mojo Defendants") to respond to plaintiff's First Set of Interrogatories and First Request for the Production of Documents. Plaintiff further respectfully requests the Court to issue an order compelling defendant Morteza Modaressi to produce his bank records and income tax returns for the years 1998 through the present.

As set forth in the declaration of Stefan Shaibani, plaintiff's counsel conferred with defendant's counsel, Todd Forster, via letter, emails, and a lengthy telephone conversation concerning the Mojo Defendants' failure to respond to plaintiff's discovery requests and defendant Morteza Modaressi's refusal to produce bank records and income tax returns in response to plaintiff's First Request for the Production of Documents. Despite counsel's attempts to resolve this matter, Mr. Forster was unable to identify a date when the Mojo Defendants would be serving their responses to plaintiff's discovery requests. Mr. Forster further informed counsel that defendants Morteza Modaressi, Mojo Projects, Mojo Properties,

and Mojo Realty would not produce their bank records and income tax returns in response to plaintiff's discovery requests. In addition, Mr. Forester stated that the Mojo defendants would not identify their officers, directors, and shareholders because such information is not relevant to this case.

This motion is necessary because plaintiff has not received any responses from the Mojo Defendants to his discovery requests served on October 19, 2006 and October 23, 2006. The Mojo Defendants' response to plaintiff's discovery requests is currently three weeks overdue. Further, defendant Morteza Modaressi has failed to produce his bank records and income tax returns sought by plaintiff in this civil RICO, conversion, and constructive trust case involving embezzlement of funds and their transfer among defendants and to third parties.[1] Not only have the Mojo defendants completely failed to respond to plaintiff's discovery requests, they have informed counsel that they do not intend to their produce bank records and income tax returns on the basis that the records sought are not relevant to this case. The Mojo Defendants have further informed counsel that they do not intend to disclose the identity of their corporate officers, directors, and shareholders on the basis that the information sought is not relevant.

This is a civil RICO, conversion, and constructive trust case involving defendants' embezzlement of funds from plaintiff's restaurant, the purchase of several properties with the embezzled funds, the transfer of the converted funds and their investment proceeds among defendants and to third-parties, and the transmittance of some of the converted funds to bank accounts in the Islamic Republic of Iran, while defendants were evading their income tax obligations and during a period when Defendant Vedadi was receiving welfare payments.

---

[1] Plaintiff served his First Request for the Production of Documents to defendant Morteza Modaressi on September 27, 2006. Defendant Modaressi's response to plaintiff's First Request for Production of Documents was belatedly served on December 7, 2006, and it contained objections to plaintiff's request for bank records and income tax returns, failing to produce the records sought.

2

Without obtaining the bank records and income tax returns of defendants, plaintiff cannot trace his embezzled funds and ascertain whether additional parties need to be added as defendants to this case.[2]  Nor is plaintiff able to ascertain the total funds embezzled from him without obtaining defendants' bank records and income tax returns which are necessary for plaintiff to prepare his expert reports.

Contrary to defendants' contentions, bank records and income tax returns are directly relevant to a civil RICO action involving embezzlement, conversion, and a constructive trust where plaintiff needs to trace funds embezzled by defendants, invested in real estate, deposited in different bank accounts, and transmitted from one account to another over a period of several years.  Notably, Julie Modaressi (defendant Morteza Modaressi's ex-wife), recently testified in her deposition that she drove defendant Molook Vedadi to a bank in Maryland where she took $120,000 of cash out of the bank, obtained a certified check from a nearby store, and used the money to purchase one of the Maryland properties at issue in this case without a mortgage.

Indeed, this Court recently held that "bank records, tax returns, financial statements, and books of account" are "reasonably calculated to lead to the discovery of admissible evidence relating to" conversion of a plaintiff's funds and self-dealing among a defendant and corporations under his control.  *Peskoff v. Faber*, 2006 WL 1933483, at *2-3 (D.D.C. 2006).  *See also Avianca, Inc. v. Corriea*, 705 F. Supp. 666, 677 (D.D.C. 1989) (in civil RICO case against attorney who had embezzled his client's funds, "bank records—including statements, cancelled checks, wire transfers, and credit/debit memoranda . . . [were] patently relevant, particularly given the Court's findings with respect to Corriea's commingling and misappropriate of client funds"); *State Farm Mutual Auto. Ins. Co. v. CPT Medical Services*, 375 F. Supp.2d 141, 156

---

[2] Plaintiff's expert reports are currently due on January 25, 2007, and motions to amend pleadings and to add parties are currently due on February 5, 2007 pursuant to the Court's Order dated December 11, 2006 granting plaintiff's motion for an extension of time.

(E.D.N.Y. 2005) (in a civil RICO case, "financial records, including tax returns of the defendants relating to transactions which generated cash . . . may be relevant to establishing that defendants profited from their willingness to" fraudulently prescribe unnecessary medical diagnosis tests).

For the above reasons, plaintiff respectfully requests the Court to issue an order compelling the Mojo Defendants to respond to plaintiff's First Set of Interrogatories and First Request for the Production of Documents (and to produce their bank records and income tax returns) within 10 days.  Plaintiff further respectfully requests the Court to issue an order compelling defendant Morteza Modaressi and the Mojo Defendants to produce their bank records and income tax returns for the years 1998 through the present within 10 days.

Plaintiff incurred $1,720.85 in attorney fees and costs for filing this motion as set forth in the Declaration of Stefan Shaibani.  Plaintiff respectfully requests the Court to order defendant Morteza Modaressi and the Mojo defendants to reimburse plaintiff $1,720.85 for the attorney fees and costs incurred in filing this motion.

Respectfully submitted,

Dated: December 14, 2006

/s/ Stefan Shaibani
Stefan Shaibani (Bar No. 490024)
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, DC 20036
Tel:  (202) 862-4335
Fax: (202) 828-4130

*Attorney for Plaintiff Bijan Modaressi*

CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2006, I electronically filed "PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES" and that service was thus made upon defendants' counsels listed below:

> Todd Forster
> Futrovsky, Nitkin & Scherr, Chartered
> 77 S. Washington Street
> First Floor
> Rockville, Maryland 20850
> Tel: 301-251-8500
>
> Danielle M. Espinet
> Rolinsky, Ternzio & Saurez LLP
> 14915 River Road
> Potomac, Maryland 20854
> Tel: 240-632-0903
>
> /s/ Stefan Shaibani