IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIJAN MODARESSI, ) | |
| ) | |
| Plaintiff ) | |
| v. ) | Civil Action No. 05-2424 (JDB) |
| ) | |
| MOLOOK VEDADI, *et al.*, ) | |
| ) | |
| Defendants ) | |

### DEFENDANT MORTEZA MODARESSI'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

To:    Bijan Modaressi, Plaintiff
c/o:   Stephan Shaibani, Esquire

From: Morteza Modaressi, Defendant
By:    Todd P. Forster, Esquire

Defendant objects to the Definitions and Instructions on the grounds and to the extent that they seek to impose more onerous requirements than those permitted under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia. Responses to Requests for Production of Documents will be given without reference to the Definitions and Instructions to the extent they exceed the requirements of the relevant rules.

### GENERAL OBJECTIONS

Defendant objects to each and every request on the grounds and to the extent that it seeks documents and/or information that is protected from the disclosure because it involves privileged and confidential communications between Defendant and counsel which is protected by the attorney-client privilege.

Defendant objects to each and every request on the grounds and to the extent that it seeks documents and/or other communications that are protected from disclosure by the Work Product Doctrine.

Defendant objects to each and every request on the grounds and to the extent that it would require the disclosure of documents containing the mental impressions, legal theories, and/or legal conclusions that were formed in anticipation of litigation, both of Defendant and

Defendant's counsel.

Defendant objects to each and every request on the grounds and to the extent that it seeks documents and/or other communications that are protected from disclosure under any other statutory or common law privilege.

Defendant objects to each and every request on the grounds and to the extent that it is overly broad, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and beyond the scope of Rules 26 and 34 of the Federal Rules of Civil Procedure.

Defendant objects to each and every request on the grounds and to the extent that it seeks documents obtained previously through earlier discovery requests, mandatory disclosures under the Federal Rules of Civil Procedure and/or local rules.

Defendant objects to each and every request on the grounds and to the extent that it seeks documents that are more readily available to Plaintiff than to Defendant.

Defendant objects to each and every request on the grounds and to the extent that it seeks documents that are equally available to Plaintiff and Defendant.

Defendant objects to each and every request on the grounds and to the extent that it seeks documents that are outside of Defendant's possession, care, custody, or control.

Defendant objects to each and every request on the grounds and to the extent that it seeks confidential and/or private personal documents which are not relevant and/or protected by law.

Defendant objects to each and every request on the grounds and to the extent that it seeks documents that are publicly available.

Defendant objects to each and every request on the grounds and to the extent that it seeks documents that are already in Plaintiff's possession, custody, or control.

Each of the General Objections set forth above is incorporated by reference into each specific response set forth below.

## RESPONSES

**REQUEST NO. 1:** All Documents you have relied upon or identified in your response to Plaintiff's First Set of Interrogatories.

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this

Request seeks documents protected from disclosure by the Work Product Doctrine and seeks

documents containing mental impressions, legal theories, and/or legal conclusions that were formed in anticipation of litigation. Without waiving and subject to the foregoing objections and the General Objections hereinabove, any and all relevant, non-privileged documents in Defendant's possession, custody or control which are responsive to this Request will be produced. Further, see documents previously produced in connection with a subpoena issued to Julie Modaressi.

**REQUEST NO. 2:** All Documents you may use to support your defenses or other positions you have taken in this action.

**Response:** Objection. In addition to the General Objections hereinabove, which are incorporated by reference, this Request is vague, overbroad and burdensome. Further, this Request seeks documents protected from disclosure by the Work Product Doctrine and seeks documents containing mental impressions, legal theories, and/or legal conclusions that were formed in anticipation of litigation. Further, counsel has not yet identified which documents may be used to support defenses or other positions Defendant may take in this action.

**REQUEST NO. 3:** All documents (including checks, receipts, emails, facsimiles, letters, handwritten notes, internal memoranda, and invoices) you provided to or received from Molook Vendadi relating to in any way to this action, including documents pertaining to your purchase and sale of real estate in Maryland, Florida, and elsewhere in the United States from January 1, 1997 to the present.

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are not in Defendant's possession, custody or control. Without waiving and subject to the foregoing objections and the General Objections hereinabove, any and all relevant, non-privileged documents in Defendant's possession, custody or control which are responsive to this Request will be produced. In addition, see documents previously produced in

response to Plaintiff's Request for Production of Documents to Defendant Molook Vedadi.

**REQUEST NO. 4:** All documents (including cancelled checks, deposit slips, bank statements, and receipts) relating in any way to bank accounts you have held in the United States and abroad from January 1, 1997 to the present, irrespective of whether the accounts were held individually or jointly.

**Response:** Objection. In addition to the General Objections hereinabove, which are incorporated by reference, this Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 5:** All documents (including checks, receipts, emails, facsimiles, letters, handwritten notes, internal memoranda, and invoices) relating in any way to funds and sources of funds you used to purchase real estate in the United States and abroad since January 1, 1997.

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, this Request seeks documents which are not in Defendant's possession, custody or control. Without waiving and subject to the foregoing objections and the General Objections hereinabove, any and all relevant, non-privileged documents in Defendant's possession, custody or control which are responsive to this Request will be produced. In addition, see documents previously produced in response to Plaintiff's Request for Production of Documents to Defendant Molook Vedadi. Further, see documents previously produced in connection with a subpoena issued to Julie Modaressi.

**REQUEST NO. 6:** All documents you intend to use in deposition, summary judgment motions, and at trial in this action.

**Response:** Objection. In addition to the General Objections hereinabove, which are incorporated by reference, this Request is vague, overbroad and burdensome. Further, this

Request seeks documents protected from disclosure by the Work Product Doctrine and seeks documents containing mental impressions, legal theories, and/or legal conclusions that were formed in anticipation of litigation. Further, counsel has not yet identified which documents may be used in deposition, summary judgment motions and/or at trial in this action.

**REQUEST NO. 7:** All documents (including cancelled checks, deposit slips, bank statements, facsimiles, letters and receipts) relating in any way to your transfer of funds and/or Molook Vedadi's transfer of funds from the United States to other countries, including the Islamic Republic of Iran, from January 1, 1997 to the present.

**Response:**   Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, this Request improperly seeks documents from Molook Vedadi and any request for such documents should be directed to her. Without waiving and subject to the foregoing objections and the General Objections hereinabove, Defendant does not possess any documents responsive to this request.

**REQUEST NO. 8:** All documents (including cancelled checks, deposit slips, bank statements, facsimiles, letters and receipts) relating in any way to Molook Vedadi's and your own business dealings and financial transactions with Farhad Shirazi, Shirazi Corporation, and Ali Riahi from January 1, 1997 to the present.

**Response:**   Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, this Request improperly seeks documents from Molook Vedadi and any request for such documents should be directed to her. Without waiving and subject to the foregoing objections and the General Objections hereinabove, Defendant does not possess any documents responsive to this request.

**REQUEST NO. 9:** All documents (including cancelled checks, deposit slips, bank statements, facsimiles, letters and receipts) relating in any way to moneys you have received from or transferred to Mojo Projects, Mojo Properties, and Mojo Realty from January 1, 1997 to the present.

**Response:**  Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections and the General Objections hereinabove, any and all relevant, non-privileged documents in Defendant's possession, custody or control which are responsive to this Request will be produced. In addition, see documents previously produced in response to Plaintiff's Request for Production of Documents to Defendant Molook Vedadi. Further, see documents previously produced in connection with a subpoena issued to Julie Modaressi.

**REQUEST NO. 10:** All documents (including cancelled checks, deposit slips, bank statements, facsimiles, letters and receipts) relating in any way to moneys you have received from or transferred to Molook Vedadi from January 1, 1997 to the present.

**Response:**  Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections and the General Objections hereinabove, any and all relevant, non-privileged documents in Defendant's possession, custody or control which are responsive to this Request will be produced. In addition, see documents previously produced in response to Plaintiff's Request for Production of Documents to Defendant Molook Vedadi.

**REQUEST NO. 11:** All documents (including cancelled checks, deposit slips, bank statements, facsimiles, letters and receipts) relating in any way to moneys you have received from or transferred to Bijan Modaressi and Chelsea's from January 1, 1997 to the present.

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections and the General Objections hereinabove, Plaintiff does not possess any documents responsive to this request.

**REQUEST NO. 12:** All documents relating in any way to your creation, operation, and ownership of Mojo Projects, Mojo Properties, and Mojo Realty.

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections and the General Objections hereinabove, Defendant will produce copies of the organizational documents for the referenced entities.

**REQUEST NO. 13:** All documents you have exchanged with any other defendant to this action relating in any way to this case and the allegations made in plaintiff's complaint.

**Response:** Without waiving and subject to the General Objections hereinabove, Defendant does not possess any documents responsive to this request.

**REQUEST NO. 14:** All documents you have exchanged with any other person(other than the defendants and your counsel) relating in any way to this action.

**Response:** Without waiving and subject to the General Objections hereinabove, Defendant does not possess any documents responsive to this request.

**REQUEST NO. 15:** All documents (including your IRS income tax filings and supporting documentation) relating in any way to your federal and state income tax returns from January 1, 1997 to the present.

**Response:** Objection. In addition to the General Objections hereinabove, which are

incorporated by reference, this Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 16:** All documents relating in any way to your purchase, ownership, operation, and sale of the hair salon named "New Wave" and "Salon Red."

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections and the General Objections hereinabove, any and all relevant, non-privileged documents in Defendant's possession, custody or control which are responsive to this Request will be produced.

**REQUEST NO. 17:** All documents relating in any way to your employment and Julie Modaressi's employment at Chelsea's, including copies of your paychecks, cash receipts, income tax returns, and hiring and termination letters.

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, this Request improperly seeks documents from Julie Modaressi and any request for such documents should be directed to her. Without waiving and subject to the foregoing objections and the General Objections hereinabove, Defendant does not possess any documents responsive to this request.

**REQUEST NO. 18:** All documents in your possession, custody, or control relating in any way to the profit and loss statements, payroll, gross revenues, and income tax returns prepared for, generated or filed by New Wave, Salon Red, Mojo Properties, Mojo Projects, and Mojo Realty from January 1, 1997 to the present.

**Response:** Objection. In addition to the General Objections hereinabove, which are

incorporated by reference, this Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 19:** All documents (including HUD-1 statements, deeds, mortgages, deposits, and checks) relating in any way to your purchase of the property located at 224 Main Street, Gaithersburg, Maryland 20878.

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections and the General Objections hereinabove, any and all relevant, non-privileged documents in Defendant's possession, custody or control which are responsive to this Request will be produced. Further, see documents previously produced in connection with a subpoena issued to Julie Modaressi.

**REQUEST NO. 20:** All documents (including HUD-1 statements, deeds, mortgages, deposits, and checks) relating in any way to your purchase of the property located at 18732 Winding Creek Place, Germantown, Maryland 20874.

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections and the General Objections hereinabove, any and all relevant, non-privileged documents in Defendant's possession, custody or control which are responsive to this Request will be produced. In addition, see documents previously produced in response to Plaintiff's Request for Production of Documents to Defendant Molook Vedadi.

**REQUEST NO. 21:** All documents (including HUD-1 statements, deeds, mortgages, deposits,

and checks) relating in any way to your purchase of the property located at 3752 Bel Pre Road, Apartment 9, Silver Spring, Maryland 20906.

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections and the General Objections hereinabove, any and all relevant, non-privileged documents in Defendant's possession, custody or control which are responsive to this Request will be produced. In addition, see documents previously produced in response to Plaintiff's Request for Production of Documents to Defendant Molook Vedadi.

**REQUEST NO. 22:** All documents (including HUD-1 statements, deeds, mortgages, deposits, and checks) relating in any way to your purchase of the property located at Unit 33, 604 NW 13th Street, Boca Raton, Florida, 33486.

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections and the General Objections hereinabove, any and all relevant, non-privileged documents in Defendant's possession, custody or control which are responsive to this Request will be produced. Further, see documents previously produced in connection with a subpoena issued to Julie Modaressi.

**REQUEST NO. 23:** All documents (including HUD-1 statements, deeds, mortgages, deposits, and checks) relating in any way to your purchase of the property located at Unit 23, 634 NW 13th Street, Boca Raton, Florida, 33486.

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Without waiving and subject to the foregoing objections and the General Objections hereinabove, any and all relevant, non-privileged documents in Defendant's possession, custody or control which are responsive to this Request will be produced. Further, see documents previously produced in connection with a subpoena issued to Julie Modaressi.

**REQUEST NO. 24:** All documents (including HUD-1 statements, deeds, mortgages, deposits, and checks) relating in any way to your purchase of the property located at 13031 Thyme Court, Germantown, Maryland 20874.

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections and the General Objections hereinabove, Defendant did not own this property at any time and does not possess any documents responsive to this request.

**REQUEST NO. 25:** All documents (including HUD-1 statements, deeds, mortgages, deposits, and checks) relating in any way to Julie Modaressi's and your purchase of the property located at 109 Upshire Circle, Gaithersburg, Maryland 20878.

**Response:** Objection. This Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the foregoing objections and the General Objections hereinabove, any and all relevant, non-privileged documents in Defendant's possession, custody or control which are responsive to this Request will be produced. Further, see documents previously produced in connection with a subpoena issued to Julie Modaressi.

**REQUEST NO. 26:** All documents (including lease agreements, receipts, cancelled checks,

deposit slips, and bank statements) relating in any way to your collection of rent proceeds from any of the properties that you held title to from January 1, 1997 to the present, irrespective of whether you held title to these properties individually or jointly.

**Response:**  Objection. In addition to the General Objections hereinabove, which are incorporated by reference, this Request is vague, overbroad and burdensome. Further, this Request seeks documents which are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted,

FUTROVSKY, NITKIN & SCHERR, CHARTERED

Mark Edward Futrovsky
Todd P. Forster
77 South Washington Street
First Floor
Rockville, Maryland 20850
301-251-8500
Counsel for Defendant Modaressi

### CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2006, a copy of the foregoing Answers to Plaintiff's Interrogatories was sent via e-mail and first-class mail to:

Stefan Shaibani, Esquire
LITIGATION ASSOCIATES, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036
Counsel for Plaintiff Bijan Modaressi

Danielle M. Espinet, Esquire
ROLINSKI & SUAREZ, LLC
14915 River Road
Potomac, Maryland 20854
Counsel for Defendant Vedadi

Todd P. Forster