UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIJAN MODARESSI, | ) |
|     Plaintiff, | ) ) ) |
|     v. | )   Civil Action No. 05-2424 (JDB) |
| MOLOOK VEDADI, *et al.*, | ) ) ) |
|     Defendants. | ) ) |

**PLAINTIFF'S FIRST REQUEST FOR THE
PRODUCTION OF DOCUMENTS TO MOJO PROPERTIES, LLC**

Pursuant to Rule 34(b) of the Federal Rules of Procedure, Plaintiff Bijan Modaressi hereby requests Defendant Mojo Properties, LLC to produce the following documents to Plaintiff's counsel, Stefan Shaibani, within 30 days of service of this request in accordance with the Definitions and Instructions set forth below.

**DEFINITIONS**

1.  The word "document(s)", includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped or coded electro-statically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every proposed draft of all correspondence,

internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.  In addition, the word "Document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2.      The word "person(s)" includes not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local government or government agencies, offices, bureaus, departments, or entities; business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

3.      As used herein, any reference to "person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also subsidiaries, affiliates, divisions, predecessors, and successors in interest.

4.      The words "you," "your," or "your Office" refer to Mojo Properties, LLC and any owner, officer, employee, independent contractor, or affiliated agent of Mojo Properties, LLC.

5.  The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

6.  The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

7.  The word "each" shall be construed to include "every" and vice versa.

8.  The word "any" shall be construed to include "all" and vice versa.

9.  The present tense shall be construed to include the past tense and vice versa.

10. The masculine shall be construed to include the feminine and vice versa.

11. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

12. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

13. The phrase "reflect, refer, or relate to" means reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

14. The word "transfer" refers to any conveyance of funds or assets whether through physical, wire, telephonic, and/or electronic means.

15. The word "Chelsea's" refers to the Georgetown restaurant-nightclub owned by Bijan Modaressi from 1982-2000. Chelsea's was formally known as "Hammel's West" a corporation organized under the laws of the District of Columbia. Chelsea's was located at 1055 Thomas Jefferson Street, N.W., Washington, DC, 20007.

16. The phrase "Mojo Projects" refers to any officer, owner, employee, independent contractor, or affiliated agent of Mojo Projects, LLC, a Maryland limited liability company located at 224 Main Street, Gaithersburg, Maryland, 20878, currently operating as Salon Red.

17. The phrase "Mojo Realty" refers to any officer, owner, employee, independent contractor, or affiliated agent of Mojo Realty, LLC, a Maryland limited liability company.

18. The phrase "Mojo Properties" refers to any officer, owner, employee, independent contractor, or affiliated agent of Mojo Properties, LLC, a Maryland limited liability company.

19. The phrase "New Wave" refers to any officer, owner, employee, independent contractor, or affiliated agent of New Wave, a hair salon located in Rockville Pike, Maryland.

20. The phrase "Salon Red" refers to any officer, owner, employee, independent contractor, or affiliated agent of Salon Red, a hair salon located at 224 Main Street, Gaithersburg, Maryland, 20878.

21. The word "Iran" refers to the Islamic Republic of Iran.

## **INSTRUCTIONS**

1. Unless otherwise specified, if your response in regard to a portion of the time period addressed in any requests for document production differs from your response in regard to another portion of such period, provide a response for such person and indicate the period of time to which each response relates.

2.  Deem any reference to a non-natural person to include the legal predecessors of such non-natural person.

3.  When a document production request asks you to "describe" or "identify" a document, provide the following information with respect to each such document:

a.  The date appearing on such document; or if it has no date, so state and give the date or approximate date such document was prepared, produced, created, or came into being;

b.  Any identifying or descriptive code number, file number, title or label of such document;

c.  The general nature or description of such document;

d.  The name of the person(s) who signed, authored, produced or created such document;

e.  The name of the person(s) who prepared such document if different from the name provided pursuant to subpart (d) of this instruction;

f.  The name of the person(s) who prepared such document if different from the name of each such person other than the addressee to whom such document, or copy or reproduction thereof, was given or sent;

g.  The name of the person or entity having present possession, custody and/or control of such document;

h.  The present location of such document;

i.  If such document was, but is no longer in your possession or control, state what disposition was made of such document, the reason for such disposition, and the date thereof.

j.  Whether or not any draft, copy, or reproduction of such document contains any script, notation, change, addendum, or the like, not appearing on such document itself, and if so, the answer shall give the description and identification of each such draft, copy or reproduction in accordance with the above subparts (a) through (i).

4.  The above information shall be given in sufficient detail to enable any person or party to whom a subpoena or request for production is directed to identify the documents sought to be produced and to enable counsel to determine whether such document, when produced, is in fact the document so described and identified.

5.  Notwithstanding any other instruction in this First Set of Document Production Requests that is or may be contrary, if a document has already been produced from you to the plaintiff, such document may be identified by specifying the Bates numbers for all pages of such document.

6.  A request that you identify a document is not limited to documents within your possession, and such requests shall extend to documents under your control.

7.  When a document production request asks you to "identify" a person, the answer shall contain the following information with respect to each such person:

a.  The full name, current or last known business and residence addresses, and business and residence phone numbers of such person;

b.  The name and address of the agency, employer or entity at which such Person worked and-or to which such person reported;

c.  The title(s) and related periods of service for such person with each such agency, employer or entity.

8. When a document production request calls for the "description" or "identity" of any "document" you contend to be subject to a privilege against disclosure in response to these document production requests, provide with respect to each such document or communication the following:

a. The nature of the document you contend is privileged (*e.g.*, letter, memorandum, chart, picture, report, etc.);

b. The number of pages compromising the document and a description of any identifying marks or designations (*e.g.* Bates numbers) if any, on the document;

c. The date of the document which you contend privileged;

d. The name(s) of the author(s) and of any recipient(s) of the document;

e. The name and address of any person who is not included in your response to subpart (d) with respect to such document and who has access to or has seen, read, or heard any portion of the material in the document that you contend to be privileged; and

f. The nature of the privilege asserted.

9. In answering each of these document production requests, furnish all information available to you that is relevant or that might lead to the discovery of relevant evidence, including information in the possession of your attorneys, or their investigators, and all persons acting on your behalf, including but not limited to your employees, agents, officers, or representatives. If you are unable to respond to these document production requests in full after exercising due diligence to supply a complete response, so state and answer to the extent possible. Specify the reasons for your inability to answer and state whatever information or knowledge you have concerning the unanswered portions.

10.     For each document production request or part of a document production request that you refuse to answer on grounds of burdensomeness, explain in as much detail as possible the basis for your contention.

11.     These document production requests are deemed to be continuing; as such, you are requested to file and serve by way of supplemental answers thereto such additional information as may be required to complete your answers to these document production requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:

All bank records (including cancelled checks, deposit slips, and bank statements) of Mojo Properties, LLC for all bank accounts held by Mojo Properties, LLC from January 1, 1995 to the present.

REQUEST NO. 2:

All financial records (including cancelled checks, deposit slips, and financial statements) of Mojo Properties, LLC for all investment, retirement, and financial accounts held by Mojo Properties, LLC from January 1, 1995 to the present.

REQUEST NO. 3:

All documents (including deeds, HUD-1 Statements, land sale contracts, mortgage agreements, earnest money deposit checks, and checks received from title companies) relating in any way to real properties purchased and/or sold by Mojo Properties, LLC from January 1, 1995 to the present.

REQUEST NO. 4:

All documents (including cancelled checks, deposit slips, bank statements, receipts, and agreements) relating in any way to moneys Mojo Properties, LLC has received from or transferred to New Wave, Salon Red, Mojo Projects, LLC and Mojo Realty, LLC from January 1, 1995 to the present.

REQUEST NO. 5:

All documents (including cancelled checks, deposit slips, bank statements, receipts, and agreements) relating in any way to moneys Mojo Properties, LLC has received from or transferred to Morteza Modaressi, Molook Vedadi, and/or Julie Modaressi from January 1, 1995 to the present.

REQUEST NO. 6:

All documents (including cancelled checks, deposit slips, bank statements, receipts, and agreements) relating in any way to moneys Mojo Properties, LLC has received from or transferred to Bijan Modaressi and/or Chelsea's from January 1, 1995 to the present.

REQUEST NO. 7:

All documents (including cancelled checks, deposit slips, bank statements, receipts, and agreements) relating in any way to moneys Mojo Properties, LLC has received from or transferred to any other person or entity from January 1, 1995 to the present.

REQUEST NO. 8:

All documents relating in any way to the creation, operation, and ownership of Mojo Properties, LLC, including incorporation statements, articles of organization, shareholder agreements, payroll statements, and corporate filings with the State of Maryland from January 1, 1995 to the present.

REQUEST NO. 9:

All documents relating in any way to the organizational structure of Mojo Properties, LLC, including material evidencing the identity of the owners, officers, directors, employees, independent contractors, and agents of Mojo Properties, LLC.

REQUEST NO. 10:

All documents Mojo Properties, LLC has exchanged with plaintiff relating in any way to this case and the allegations made in plaintiff's complaint.

REQUEST NO. 11:

All documents Mojo Properties, LLC has exchanged with any other defendant to this action relating in any way to this case and the allegations made in plaintiff's complaint.

REQUEST NO. 12:

All documents Mojo Properties, LLC has exchanged with any other person (other than your counsel) relating in any way to this action and the allegations made in plaintiff's complaint.

REQUEST NO. 13:

The profit and loss statements, accountings statements, payroll statements, and revenue calculations prepared for, generated or filed by Mojo Properties, LLC from January 1, 1995 to the present.

REQUEST NO. 14:

All corporate income tax returns filed by Mojo Properties, LLC with the IRS and the Maryland Department of Assessments & Taxation from January 1, 1995 to the present, including copies of cancelled checks for payment of taxes.

REQUEST NO. 15:

All documents relating in any way to moneys transferred by Mojo Properties, LLC to offshore accounts (outside the United States) from January 1, 1995 to the present.

Dated: October 19, 2006                             _____
                                                    Stefan Shaibani (Bar No. 490024)
LITIGATION ASSOCIATE, PLLC
1150 Connecticut Avenue, N.W.
Suite 900
Washington, DC 20036
Tel: (202) 862-4335
Fax: (202) 828-4130

*Attorney for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2006, I sent by First Class Mail copies of "PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO MOJO PROPERTIES, LLC" to the recipients named below:

Todd Perry Forster, Esq.
Futrovsky, Nitkin & Scherr, Chartered
77 S. Washington Street
First Floor
Rockville, MD 20850
*Counsel for Defendants Morteza Modaressi; Mojo Properties, LLC;*
*Mojo Projects, LLC; and Mojo Realty, LLC*

Danielle M. Espinet, Esq.
Rolinski, Terenzio & Suarez, LLP
14915 River Road
Potomac, MD 20854
*Counsel for Defendant Molook Vedadi*

_____