UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BIJAN MODARESSI,

Plaintiff,

v.

MOLOOK VEDADI, ET AL.,

Defendants.

Civil Action No. 05-2424 (JDB)

## PROTECTIVE ORDER

Plaintiff Bijan Modaressi and defendant Molook Vedadi have filed with the Court competing proposals for a protective order in this action. Upon consideration of [35] defendant Vedadi's proposed stipulation and protective order, and [37] plaintiff's proposed stipulation and protective order, it is this 15th day of February, 2007, hereby

**ORDERED** that:

1.    This Protective Order Concerning Confidential Information shall govern disclosure and use by the undersigned parties of all documents, deposition testimony, interrogatory answers, and other information obtained or disclosed in this action ("Discovery Material") and designated as "Confidential" (the "Confidential Discovery Material"). This Order shall apply to and be binding upon any director, officer, employee, contractor, or agent of any of the parties to this litigation, as well as all counsel to the parties, including any attorney, paralegal, secretary, clerical staff or other person employed in any capacity by such counsel, or any agent or

1

contractor of such counsel.

2.    Any party disclosing confidential information in Discovery Material may designate it as "Confidential" under this Order.  No designation as "Confidential" shall be made unless the disclosing party believes in good faith that the designated information contains sensitive and/or confidential information.

3.    All information designated as "Confidential" (and all copies, summaries, or quotations of such information) shall be used solely for purposes of the prosecution and/or defense in this action, and shall not be used for any business, commercial, competitive, personal or other purpose, and shall not be disclosed to the public or otherwise put into the public domain. Information designated as "Confidential" may be disclosed in the course of this litigation to:

      a.    the Court;

      b.    counsel of record for a party and other attorneys representing the parties in this action, legal assistants or regular employees or outside contractors (such as document copying services and document destruction services) of counsel of record and other attorneys representing the parties in this action;

      c.    third-party experts or consultants engaged by counsel of record or a party to assist in this action, provided that counsel of record for that party determines in good faith that such disclosure is reasonably necessary for the prosecution or defense of this action, and further provided that such third-party expert or consultant also agrees to be bound by the terms of this Order and signs an undertaking in the form of Exhibit A hereto prior to such disclosure;

      d.    stenographic reporters employed in depositions, hearings or other proceedings in this action;

e.    third-parties and their designees, including but not limited to banks and financial institutions, upon whom subpoenas are served for the purpose of obtaining documents in this litigation. The parties agree that disclosure of confidential documents to financial institutions in the United States and abroad (including the Islamic Republic of Iran) for the purpose of obtaining documents in this litigation shall be permissible under the terms of this Order.

4.    Notwithstanding the foregoing, the restrictions on disclosure set forth in this Order shall not:

a.    apply to information in the public domain;

b.    restrict a designating party from using its own documents in any way;

c.    prevent disclosure of any document to its author; or

d.    prevent modification of any designation as "Confidential" on written consent of the producing party without further decision of the Court, or any modification of this Order.

5.    Any party may at any time challenge the designation of Discovery Material as "Confidential" and contend that such Discovery Material is not entitled to be treated as "Confidential" or that disclosure should be permitted in some manner not otherwise authorized herein. Such a challenge shall be made by notifying the designating party in writing. The notice shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. If, after the parties confer regarding the informal challenge to the confidential designation, the challenging party still believes that the designation should be withdrawn or modified, that party may seek an order from the Court determining that the

3

specified information designated as "Confidential" is not entitled to such confidential treatment, or that disclosure should be permitted in some manner not otherwise authorized herein. The fact that a party abides by the terms of this Order, and receives information designated as "Confidential" under it, shall not be deemed an admission by the receiving party that any information is correctly so designated. If the challenging party does not apply for a ruling by the Court within fifteen (15) days of giving written notice, the challenge shall be deemed withdrawn without prejudice to renew it at a later date.

6.      Promptly upon receipt of Discovery Material from a third party, such Discovery Material shall be copied and sent to all other parties. Within fifteen (15) business days of receipt of such Discovery Material, any party may designate that Discovery Material as "Confidential" by advising all counsel of record in writing of such intention to treat the material as confidential. No disclosure of such Discovery Material obtained from a third party may be made to anyone other than qualified persons (as designated in ¶ 3, supra) within this fifteen (15) business day period without the prior written consent of counsel for the parties.

7.      Except as otherwise provided herein, no designation of information as "Confidential" shall be effective unless a "CONFIDENTIAL" label or notice is put on the Discovery Material containing such information. Any "Confidential" designation that is inadvertently omitted may timely be corrected by written notice to opposing counsel. Portions of testimony given at a hearing or other proceeding or deposition may be designated as "Confidential" by an appropriate statement either at the time the testimony is given by advising the court reporter and counsel of record of the beginning or the end of the testimony containing confidential information, or by designation within fifteen (15) business days after receipt of the

4

transcript of the deposition or hearing. No disclosure of a transcript or any portion of a transcript created in the course of defending or prosecuting this litigation to anyone other than qualified persons (as designated in ¶ 3, supra) shall be made within this fifteen (15) business day period without the prior written consent of counsel for the disclosing party. Except that, parties and their attorneys-in-fact shall be permitted to receive and maintain transcripts of depositions previously taken in this action and documents previously produced in this action, despite designation of such material as confidential subsequent to the entry of this Order.

      8.     In the event any party files documents with the Court, including briefs, which contain or constitute information designated as "Confidential," the filing party shall simultaneously file a Consent Motion for Temporary Order Sealing or Otherwise Limited Inspection of Record. By agreement, the document or record shall remain under seal for a period of five (5) business days from the date of filing, including the day the motion is filed. During such time, the non-filing party may file a memorandum in support of the consent motion. All confidential material shall be filed in a sealed envelope marked with the title of this litigation and a statement in substantially the following form:

CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER DATED FEBRUARY 15, 2007. THIS ENVELOPE SHALL NOT BE OPENED OR THE CONTENTS DISCLOSED EXCEPT IN ACCORDANCE WITH SUCH PROTECTIVE ORDER OR BY COURT ORDER.

     Nothing contained herein shall be construed to automatically render all pleadings, motions and/or other documents filed with the Court "Confidential" or "under seal" and thus inaccessible to the public. However, nothing herein shall prohibit a party from seeking an order to file pleadings, motions and/or other documents containing confidential information under seal pursuant to Fed. R. Civ. P. 26(c).

5

Inadvertent failure to file any such documents under seal shall not constitute a waiver of any privilege or the protections of this Order. The party who filed such document will notify opposing counsel in writing of any document inadvertently filed without being under seal.

9.    At the conclusion of this action, including all appeals, documents containing or constituting information designated as "Confidential" and all copies or portions thereof, shall be returned to the producing party's counsel if requested, or counsel for the receiving party shall certify by affidavit or affirmation that all such copies or portions thereof that have not been returned following request by the producing party have instead been destroyed. If the producing party requests the return or destruction of the documents it produced in the litigation, it shall bear the return shipping or document destruction expense for the documents. Notwithstanding the foregoing, counsel for each party may retain one copy of any document filed with the Court, provided that the file in which such document is retained indicates that such file includes "Confidential" information and that access to such document is restricted in accordance with this Order.

10.    In the event a party receiving documents designated "Confidential" is subpoenaed to testify or produce such documents, the subpoenaed party shall immediately notify the disclosing party who designated such documents as "Confidential."

11.    The production of any discovery material, including documents designated as "Confidential," shall be without prejudice to any claim by the producing party that such material is inadmissible, privileged or otherwise protected from discovery under the attorney-client privilege or as work product.

12.    The Court retains jurisdiction to make amendments, modifications and additions

to this Order.  Any party to the litigation may apply to the Court for amendment or modification of or addition to this Order at any time for good cause.

13.    This Order shall survive the final determination of this action.  After the conclusion of all proceedings herein, the Order shall remain in full force and effect, and the Court shall retain jurisdiction to enforce its terms and to insure compliance.

14.    Nothing in this Order shall prejudice any party to the litigation from seeking amendments hereto broadening or restricting the rights of access to or the use of material marked "Confidential" or otherwise modifying this Order; and this Order may be amended by the agreement of the parties to the litigation in the form of a Stipulation.

15.    In the event that additional persons become parties to this action, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any disclosing Party until the newly joined party or parties, or their counsel, sign a copy of this Order on behalf of the added party or parties.  Such additional party or parties will also file such Order with the Court.

16.    Each party shall have the responsibility, through counsel, to advise all parties of any loss or compromise of Confidential Discovery Materials, and take reasonable measures to minimize loss or unauthorized disclosure.

17.    This Order is effective as of February 15, 2007.


**SO ORDERED**.

_____
John D. Bates
United States District Judge

7