# DURABLE POWER OF ATTORNEY
## Effective Immediately

KNOW ALL PERSONS BY THESE PRESENTS:

I, __Bijan Modaressi__ ("Principal") maintaining an address at _____ do hereby make and appoint __Mehri Modaressi__ ("Agent") maintaining an address at: __362 Quail Ridge, Irvine, California__ my true and lawful attorney-in-fact for me and in my name, and in my behalf.

My Agent shall have full power and authority to perform any act, power, duty, legal right or obligation whatsoever that I now have or may later acquire in connection with or relating to any person, item, transaction, thing, business, property, real or personal, tangible or intangible, or matter whatsoever as I could do if personally present. I hereby ratify and confirm all acts that my Agent, or my Agent's substitute or substitutes, shall lawfully do or cause to be done by virtue of this power of attorney and the rights hereby granted. My Agent's powers and authority shall include, but not be limited to:

1. To conduct, engage in, and transact any and all lawful business of whatever kind or nature, on my behalf and in my name.

2. To enter into binding contracts on my behalf and to sign, endorse and execute any written agreement and document necessary to enter into any such contract and/or agreement, including but not limited to applications, assignments, bills of sale or lading, bonds, contracts, covenants, conveyances, deeds, options, trust deeds, security agreements, leases, mortgages, notes, insurance policies, receipts, title documents, checks, drafts, letters of credit, stock certificates, proxies, warrants, commercial papers, withdrawal and deposit slips, certificates of deposit of, or investments with or through banks, savings and loan, brokers, mutual fund companies or other institutions, proofs of loss, evidences of debts, releases, and satisfaction of mortgages, lien, judgments, security agreements and other debts and obligations and such other instruments in writing of whatever kind and nature as may be.

3. To request, ask, demand, sue and take any and all legal steps necessary to recover and collect any amount or debt owed to me.

4. To adjust, compromise and settle any claim, against me or asserted on my behalf against any other person or entity.

5. To receive, hold, possess and/or invest any and all sums of money, accounts, debts, bonds, commercial papers, checks, drafts, causes of action, bequests, deposits, notes, interests, dividends, certificates of deposit, any and all documents of title and demands whatsoever, whether agreed to or disputed, now due or due

in the future, owned by, due, owing payable, or belonging to, me or in which I have or may hereafter acquire any interest, to have, or use.

6. To maintain, manage, insure, lease, rent, sell, mortgage, improve, repair, exchange, invest, reinvest and in any other manner (on such terms and at prices my Agent may deem proper) deal with all, any part or any interest in any real or personal property or asset whatsoever, tangible or intangible (now owned or acquired in the future by me) and to execute any necessary document, instrument or deed for such transactions. This includes the right to sell or encumber any homestead that I now own or may own in the future; the right to remove tenants and to recover possession; and the right to ask for, demand, sue for, collect, recover and receive all monies which may become due and owing to me by reason of such transaction.

7. To apply for, purchase, maintain and/or deal with insurance and annuity contracts, insurance policies, including life insurance upon my life or the life of any other appropriate person and to make any elections and disclaimers under such policies.

8. To receive, deposit, hold, demand, deal with and/or sue to recover all payments I receive from any annuity, pension, retirement benefits, retirement plans, insurance benefits and government program including, but not limited to, Social Security and Medicare; to prepare applications, provide information, and perform any other reasonable request by any government or its agencies in connection with governmental benefits (including but not limited to, medical, military and social security benefits), and to appoint anyone, including my Agent, to act as my "Representative Payee" for the purpose of receiving Social Security benefits.

9. To open, maintain and/or close bank accounts, including, but not limited to, checking accounts, savings accounts, certificates of deposit, investment accounts, brokerage accounts, retirement plan accounts, and other similar accounts with financial institutions; to conduct any business with any banking or financial institution with respect to any of my accounts, including, but not limited to, making deposits and withdrawals, negotiating or endorsing any checks or other instruments, obtaining bank statements, passbooks, drafts, warrants, money orders, certificates, cashier checks, cash or vouchers payable to me by any person, firm, corporation or political entity; to perform any act necessary to deposit, negotiate, sell or transfer any note, security, or draft of the United States of America, including U.S. Treasury Securities.

10. To have access to any safe deposit box, vault or other storage area owned or leased by me alone or in conjunction with any other person, including access to their contents, and to examine, remove, keep or otherwise dispose of the contents.

11. To exercise any and all rights, including proxy rights, with respect to stocks, bonds, debentures, commodities, options or any other investments.

12. To maintain and/or operate any business that I currently own or have an interest in or may own or have an interest in, in the future.

13. To employ any professional and/or business assistance as may be appropriate, including but not limited to, attorneys, accountants, investment professionals, brokers and real estate agents.

14. To prepare, or cause to be prepared, sign, and/or file any documents with any federal, state, local or other governmental body, including, but not limited to, federal, state, local or other income and tax returns and necessary and/or related documents; to obtain or provide information to and from any agency, including governmental agencies, relating to tax matters and to negotiate, compromise or settle any matter with such agency.

15. To make gifts and charitable contributions of my real, personal, tangible or intangible property, to such persons or organizations without regard to whether such gifts are a part of my estate planning or otherwise, and if necessary, to file any state and federal gift tax returns and documents. Gifts to minors may be made to the minor directly or parent, guardian or close friend of the minor or pursuant to the Uniform Gifts to Minors Act or the Uniform Transfers To Minors Act. Any gifts made shall be limited to gifts that qualify for the federal gift tax annual exclusion, shall not exceed in value the federal gift tax annual exclusion amount in any one calendar year, and this annual right shall be non-cumulative and shall lapse at the end of each calendar year. However, my Agent may not, unless specifically authorized by this document, (a) gift, appoint, assign or designate any of my assets, interests or rights, directly or indirectly, to my Agent, my Agent's estate, my Agent's creditors, or the creditors of my Agent's estate, (b) exercise any powers of appointment I may hold in favor of my Agent, my Agent's estate, my Agent's creditors, or the creditors of my Agent's estate, or (c) use any of my assets to discharge any of my Agent's legal obligations, including any obligations of support which my Agent may owe to others, excluding those whom I am legally obligated to support.

16. To transfer any of my assets to the trustee of any revocable trust created by me, if such trust exists at the time of such transfer.

17. To disclaim any interest (subject to other provisions of this document), which might be transferred or distributed to me from any other person, estate, trust, or other entity, as may be appropriate. However, Agent may not disclaim assets, to which I would be entitled, if the result is that the disclaimed assets pass directly or indirectly to my Agent or my Agent's estate.

This Durable Power of Attorney and the rights, powers, and authority of my Agent shall become effective immediately upon execution of this instrument. The rights, powers, and authority of this document shall remain in full force and effect thereafter until my death. This Power of Attorney shall not terminate on my subsequent disability, incapacity or lack of mental competence (except as provided by any applicable statute).

As used herein, "disability" or "incapacity" shall mean a lack of capacity to receive and evaluate information effectively, to communicate decisions, and/or to manage my financial resources and affairs properly.

My Agent shall be entitled to reimbursement of all reasonable expenses incurred as a result of carrying out any provision of this Power of Attorney. If desired, my Agent shall also be entitled to reasonable compensation for any services provided as my Agent

If so requested by myself or any authorized personal representative or fiduciary acting on my behalf, my Agent shall provide an accounting for all funds handled and all acts performed as my Agent.

This Power of Attorney shall be construed as broadly as a General Power of Attorney. The listing of specific terms, rights, acts or powers are not intended to restrict or limit the definition or scope of powers granted herein in any manner. If any part of this document is held to be invalid, illegal or unenforceable under applicable law, then the remaining unaffected parts of the document shall still remain in full force and effect and not be affected by any partial invalidity.

No person needs to inquire as to the reasons for the use or issuance of this power-of-attorney or as to the disposition of any proceeds paid to my Agent based on this document.

The powers granted to my Agent by this power-of-attorney are limited to the extent necessary to prevent (a) my income to be taxable to my Agent; (b) my Agent to have any rights or ownership with respect to any life insurance policies I may own on the life of my Agent; and/or (c) my assets to be subject to a general power of appointment by my Agent.

Any third party who receives a copy of this document may act under it. Revocation of the power of attorney is not effective as to a third party until the third party has actual knowledge of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney. If this Durable Power of Attorney is terminated by operation of law, any person relying in good faith on the authority of this document, without notice of such termination, shall be held harmless.

Agent shall not be liable for losses resulting from judgment errors made in good faith. However, Agent will be liable for breach of fiduciary duty, failure to act in good faith and/or willful misconduct, while acting under the authority of this Power of Attorney.

I may revoke this Power of Attorney at any time by providing written notice to my Agent.

Signed on _10-4-06_ (date), at _Los Angeles_ (city), _California_ (state).

_____
Signature of Principal

Witness Signature: _____
Name: _Robert Rieder_
City: _Beverly Hills_
State: _Calif_

Witness Signature: _Eric Brown_
Name: _Eric Brown_
City: _Van Nuys, CA._
State: _CALIF._

State of _California_ )
                      ) ss
County of _Los Angeles_ )

The foregoing instrument was acknowledged before me this _4_ day of _October 2006_ by _Bijan Modaressi_ (name of Principal), ~~who is personally known to me or~~ who has produced _Drivers lic._ as identification.

ROBERT RIEDER
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 1566639
LOS ANGELES COUNTY
My Comm. Exp. May 2, 2009

_____
Signature of person taking acknowledgment
(Notary Public)

_Robert Rieder_
Name typed, printed, or stamped

-5-